

FILED

SEP 28 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Terry L. Hume ) | |
| 215 Morgan Street, NW ) | |
| Washington, DC 20001 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case _____ |
| ) | |
| Shawn Watson ) | |
| c/o Kraftwerks, Inc. ) | |
| 5000 Buchanan Street ) | Case: 1:07-cv-01742 |
| Hyattsville, MD 20781 ) | Assigned To : Roberts, Richard W. |
| ) | Assign. Date : 9/28/2007 |
| and ) | Description: General Civil |
| ) | |
| Kraftwerks, Inc. ) | |
| 5000 Buchanan Street ) | |
| Hyattsville, MD 20781 ) | |
| Serve: Shawn Watson, President, ) | |
| ) | |
| Defendants. ) | |

JURY ACTION

## COMPLAINT

### Introduction

1. This is an action to recover damages for the fraudulent and illegal actions of Defendants in inducing plaintiff into a contract to install an expensive copper roof on her house in Washington, D.C. and then failing to install the roof pursuant to contract or proper standards. In addition to breach of contract, the actions of Defendants constitute common law fraud in the inducement and violations of the D.C. Home Improvements Act, D.C. Code § 16-800, et seq., and D.C. Consumer Protection Act, D.C. Code, § 28-3901, et. seq.

1

Jurisdiction and Venue

2. Jurisdiction of the Court arises pursuant to 28 U.S.C. § 1331. The Plaintiff is a citizen of the District of Columbia. Both Defendants are, on information and belief, citizens of the State of Maryland. Therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

3. Venue is proper because the contract between the parties was entered into in the District of Columbia and the property on which the faulty work was performed is in the District of Columbia. 28 U.S.C. § 1391 (a)(2).

Parties

4. Plaintiff Hume ("Hume") is a resident of 215 Morgan Street, NW, within the City of Washington, District of Columbia, and is over the age of 18 years.

5. Defendant Watson ("Watson") is a resident of Riverdale, Prince George's County, MD, over the age of 18 years, and an owner and employee of Defendant Kraftwerks, Inc.

6. Defendant Kraftwerks, Inc. ("Kraftwerks"), is a corporation owned, in whole or in part, by Watson, that has its main business office at 5000 Buchanan Street, Hyattsville, MD.

Statement of Claim

7. On April 10, 2005, after various negotiations in the District of Columbia, Hume and Kraftwerks entered into a written contract (dated April 8, 2005, on first page, but signed on April 10, 2005) in the District of Columbia for Kraftwerks to install a copper roof on the new construction on the house at 215 Morgan Street, NW, Washington, DC 20001 ("the residence") in accordance with Revere Copper Products, Inc.'s manual "Copper and Common Sense." There was a change order that modified the contract October 28, 3005. A copy of the contract with change order is appended as Exhibit 1.

8. Pursuant to the aforementioned contract, Defendants requested and Plaintiff paid substantial payments for the work required to be performed under the contract before the work was allegedly completed.

9. Under the agreement, the new roof was to be installed with a copper roof of specifications and according to standards set out in the contract.

10. Watson represented to Hume that Kraftwerks was an approved installer of Revere Copper roofing.

11. Defendants' contract forms, business cards, stationery, web site, and other materials and items they used were emblazoned with a Revere Copper Products, Inc. logo.

12. At the time the parties entered into contract, Defendants' web site, www.kraftwerks-inc.com, was hyperlinked to Revere Copper Products, Inc.

13. Defendants' web site was using the hyperlink to Revere Copper Products, Inc. without authority of Revere Copper Products, Inc.

14. At the time the parties entered into contract, neither Watson nor Kraftwerks was authorized to use the Trademarked logo of Revere Copper Products, Inc.

15. At the time the parties entered into contract, Defendant Watson was not licensed by the District of Columbia to perform home improvement work of the type involved in installation of the copper roof for Plaintiff.

16. At the time the parties entered into contract, Defendant Kraftwerks was not licensed by the District of Columbia to perform home improvement work of the type involved in installation of the copper roof for Plaintiff.

17. During the time period May 2005 through approximately October 2006, Defendants installed copper roofing on a portion of Plaintiff's house, purportedly pursuant to the contract of the parties.

18. Plaintiff experienced leaks in the new roof from the inception of its installation up to and through the present time.

19. The leaks in the roof were due to improper installation of the copper roof by Defendants.

20. In October 2006, a representative of Revere Copper Products, Inc. visited the residence and reported that no portion of the copper roof was installed correctly.

21. As a result of its October 2006 inspection, Revere Copper Products, Inc., recommended that the copper roof installed by Defendants be torn off, discarded, and completely replaced by a competent copper roof installer.

22. At the time the parties entered into contract, Watson was not an authorized copper roofing dealer or installer of Revere Copper Products, Inc.

23. At the time the parties entered into contract, Kraftwerks was not an authorized copper roofing dealer or installer of Revere Copper Products, Inc.

24. As an inducement to cause Plaintiff to enter into the aforesaid contact, Defendants falsely represented to Plaintiff that Defendant Shawn Watson and/or Defendant Kraftwerks, Inc., had bought out one of two owners of Wagner Roofing Company, a widely known and reputable company in Maryland.

25. As an inducement to cause Plaintiff to enter into the aforesaid contact, Defendants falsely represented to Plaintiff that the only copper they used for roofs was Revere Copper.

26. Defendants also falsely represented to Plaintiff that they were able to buy their copper cheaper than other roofers because of the large volume of copper roofing installed, reinforcing the lie that Defendants had bought out one of the Wagner brothers.

27. Defendants did not install the copper roof in compliance with the terms of the contract.

28. Defendants did not install any of the copper roof in accordance with the Revere Copper Standing Seam Roofing Pan Method.

29. Defendants did not install any of the copper roof in accordance with the Revere Copper Flat Seam Roofing Pan Method.

30. Defendants did not install any of the copper roof in accordance with any acceptable and effective Copper Roofing Method.

31. The resulting roof leaked both during installation and after it was completed to the extent that it was completed, causing damage to Plaintiff's property.

32. Plaintiff has paid in full the amounts Defendants claimed were due under the contract, except for an amount of $2,500.00.

33. The cost to Plaintiff of replacing the defective copper roof will be in excess of $75,000.00.

34. During their work on installing the defective roof Defendants caused extensive damage to the house of Plaintiff and personal property of Plaintiff located in the house.

### COUNT I

35. The aforesaid allegations constitute breach of contract.

WHEREFORE, Plaintiff prays for judgment against Defendants in the amount of One Hundred Thousand Dollars ($100,000.00) compensatory damages .

### COUNT II

36. The allegations of paragraphs 1-35 are incorporated herein by reference.

37. Because Defendants were not licensed by the District of Columbia to perform home improvement work, the aforesaid allegations constitute intentional violations by Defendants of the D.C. Code, Title 16, Consumers, Commercial Practices, & Civil Infractions, Chapter 8. Home Improvements, §§ 16-800.1.

WHEREFORE, Plaintiff prays for judgment against Defendants in the amount of One Hundred Thousand Dollars ($100,000.00) compensatory damages and Two Hundred Thousand Dollars ($200,000.00) punitive damages.

## COUNT III

38. The allegations of paragraph 1-37 are incorporated herein by reference.

The aforesaid allegations constitute intentional violations by Defendants of D.C. Code, Title 28, Commercial Instruments and Transactions, Subtitle II, Other Commercial Transactions, Chapter 39, Consumer Protection Procedures, §§ 28-3904 (a), (b), (d), (e), and (u).

WHEREFORE, Plaintiff prays for judgment against Defendants in the amount of One Hundred Thousand Dollars ($100,000.00) compensatory damages and Two Hundred Thousand Dollars ($200,000.00) punitive damages.

## COUNT IV

39. The allegations of paragraph 1-38 are incorporated herein by reference.

40. Defendants committed fraud against Plaintiff, the full extent of which was not discovered by plaintiff until after October 2006, as detailed hereafter.

41. As an inducement to cause Plaintiff to enter into the aforesaid contact, Defendants knowingly and intentionally misrepresenting that Defendant Shawn Watson and/or Defendant

Kraftwerks, Inc., had bought out one of two owners of Wagner Roofing Company. That was not true.

42. As an inducement to cause Plaintiff to enter into the aforesaid contact, Defendants knowingly and intentionally knowingly and intentionally misrepresented to Plaintiff that they were able to buy their copper cheaper than other roofers because of the large number of roofs that Wagner installed, reinforcing the lie that Defendants had bought out one of the Wagner brothers. That was not true.

43. The misrepresentation that Defendants had bought out one of the Wagner brothers was a significant, material misrepresentation on which Plaintiff relied to her detriment, believing that it established that Defendants had copper roof installation expertise and equipment, and skilled artisans acquired from Wagner Roofing Company.

44. As an inducement to cause Plaintiff to enter into the aforesaid contact, Defendants knowingly and intentionally misrepresented to Plaintiff that the only copper they used for roofs was Revere Copper. That was not true.

45. But for the aforesaid fraudulent acts by Defendants, Plaintiff would not have contracted for them to perform the roofing work in question.

46. The aforesaid allegations constitute fraud in the inducement by Defendants.

47. As a result of the fraud of Defendants, Plaintiff has suffered and continues to suffer inconvenience, emotional distress, and suffering.

48. As a result of the fraud of Defendants, Plaintiff has suffered and continues to suffer property damage to her house and personal property, out of pocket expenses, and valuable loss of her time.

WHEREFORE, Plaintiff prays for judgment against Defendants in the amount of One Hundred Thousand Dollars ($100,000.00) compensatory damages and Two Hundred Thousand Dollars ($200,000.00) punitive damages.

### GENERAL

49. As to each and every Count in this Complaint, Plaintiff also prays for an award of interest, costs, and attorney fees against Defendants to the extent allowed by law.

50. Trial by jury on all counts is demanded on all issues triable by jury.

Respectfully submitted,

Terry L. Hume, Plaintiff
By Counsel

_____
John C. Lowe
D.C. Bar No. 427019
John Lowe, P.C.
5920 Searl Terrace
Bethesda MD 20816
301-320-5595
301-320-8878 Fax
johnlowe@johnlowepc.com
Counsel for Plaintiff
September 28, 2007

# Kraftwerks, Inc.
Copper · Slate · Tin · Bird Proofing



THIS AGREEMENT made this April 8, 2005 by and between **Kraftwerks, Inc.**, hereinafter called the Contractor and **Terry Hume, 215 Morgan Street NW, Washington, DC, 20001, 202.393.3717** hereinafter called the Owner.

Witnesseth, that the Contractor and the Owner for the considerations named agree as follows:

**Article 1. Scope of the Work** initial _TLH_

The Contractor shall furnish all of the materials and perform all of the labor described in the work scope as it pertains to work to be performed at 215 Morgan Street NW, Washington, DC, 20001;

1) <u>Inspection</u> – The contractor shall inspect the substrate. Substrate shall be sound and free of all defects that may cause damage to roofing felt, flashing and copper roof. Any rotted or damaged wood shall be replaced at the rate of $2.50 per foot in addition to the contract (Article 5).
2) <u>Roofing Underlayment</u>-Red rosin paper underlayment will be installed over substrate prior to copper installation. Underlayment will be laid in horizontal layers with joints lapped toward eaves, overlapped at ends at least 3 inches.
3) <u>Standing seam roof</u> – a) All pans shall be installed in accordance with Revere Copper Standing Seam Roofing Pan Method.
   b) Roofing shall be applied by workman experienced in the applying of copper.
   c) Alternate pans shall begin with ½ length sheets staggering transverse seams.
   d) Cleats shall be secured with ring shanked stainless steel nails and spaced 12" apart in each standing seam.
   e) Locked portion of standing seam at eaves shall be folded over at 45 degree angle.
   f) Ridges and hips shall be provided with single-lock standing seams.
   h) On completion all pans must be sound, whole and clean, and the roof shall be left in every respect tight and neat example of workmanship.
4) <u>Flat seam copper</u> - The drain pits, barrel roof and hot tub roof will all be flat seam 16oz copper roofing. The drain pits and hot tub roof will be soldered.
5) <u>Green roof</u> – Grace Bituthene membrane will be fully adhered to the deck and will continue a minimum of 6" up the vertical walls. Our scope does not include the materials or labor to install gravel, earth, filter cloth or insulation.
5) <u>Copper flashings</u> – All intersections of roof to vertical surfaces of every kind and all openings in roof surfaces shall be flashed with 16 oz. copper. The method of flashing except as otherwise specified, shall be apron, step, valley, vent pipe, crickets and counter flashings.
6) <u>Other items</u> – The ornaments (2) at the front and the guttering and downspout at the rear are included in this work scope. The copper guttering includes two (2) downspout connecting into one (1) leader head.
7) <u>Cleaning up</u> – On a daily basis, tools, equipment, surplus materials, slate-scraps, and other debris resulting from the roof installation shall be organized and cleaned up, or removed and disposed of by the contractor.

Note: The removal of an existing roof is a major demolition and the owner, owner's agent or tenant, will be responsible for the protection of the contents in the building from dust, dirt or debris caused by the roof removal operation, at no charge to Kraftwerks, Inc. All reasonable care will be taken to help keep this to a minimum.

**Article 2. Time of Completion** initial _TLH_

The work to be performed under this Contract shall be ready for final inspection (in accordance with Article 5, item 2) within 15 days from the commencement of said project. Time is of the essence. The Contractor shall contact the Owner with any delays. The following constitutes delays beyond the control of the Contractor:

A) Acts of God
B) Material shortages and/or availability

07 1742

**FILED**
SEP 2 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

5000 Buchanan Street, Hyattsville, MD 20781
Office 301.779.5100   www.kraftwerks-inc.com   fax 301.277.1933

EXH 1

# Kraftwerks, Inc.
Copper · Slate · Tin · Bird Proofing

C) Change orders that add extra work scope
D) Stop work at the request of the Owner

**Article 3. Buyers Right to Cancel:**  initial _TLH_

If this agreement was solicited at or near your residence and you do not want the goods of services, you may cancel this agreement by mailing a notice to the seller. The notice must say that you do not want the goods of services and must be mailed before the third business day after you signed this agreement. The notice must be mailed to: Kraftwerks, Inc., 5000 Buchanan St., Hyattsville, MD 20781. If you cancel, the seller may not keep any of your cash down payment.

**Article 4. The Contract Price**  initial _TLH_

The Owner shall pay the Contractor for the materials and labor to be performed under the Contract the sum of ---
-Seventeen thousand one hundred and forty-two Dollars ($17,142.00).

**Article 5. Progress Payments**  initial _TLH_
Payments of the Contract Price shall be paid in the manner following:    CH # 1857 TR

   A) One-third of the Contract Price for deposit. ($5,714.00)
   B) One-third of Contract Price at the start of project. ($5,714.00)
   C) Balance after completion of a walk-through with both parties and if necessary any punch list items. ($5,714.00)

**Article 6. General Provisions**  initial _TLH_

Any alteration or deviation from the above scope of work, including but not limited to any such alteration or deviation involving additional material and/or labor costs, will be executed only upon a written order for same, signed by Owner and Contactor, and if there is any charge or deduction for such alteration or deviation, the additional charge/deduction will be added/deducted to/from the contract price of this contract.

In addition, the following general provisions apply:

1) All work shall be completed in a workman-like manner and in compliance with the National Slate Association "Slate Roofs" circa 1926 and Reveres "Copper and Common Sense".
2) Any punch list items generated from the final inspection shall be scheduled for remediation immediately.
3) Contractor may at its discretion engage subcontractors to perform work hereunder, provided Contractor shall fully pay said subcontractor and in all instances remain responsible for the proper completion of this Contract.
4) Contractor shall at its own expense obtain all permits necessary for the work to be performed.
5) Contractor shall not be liable for any delay due to circumstances beyond its control including strikes, casualty or general unavailability of materials and changes at the request of the owner or otherwise.
6) ~~We will not be responsible for any consequential damages or down time incurred by this construction.~~
7) Contractor warrants all labor for a period of five (5) years following completion. We agree to repair or replace any and all work that may prove defective solely from faults or defects in materials or workmanship applied by the Kraftwerks, Inc. Ordinary wear and tear, structural failure, changes in the system due to structure shifts, unusual abuse or neglect, extreme weather conditions, and/or natural disasters, and changes or damage caused by others trades are the responsibility of the owner. We are to be contacted within forty-eight hours, before any additional penetrations or other changes are made to your new roof.
8) This guarantee shall not be or become effective until Kraftwerks, Inc. has been paid in full.



5000 Buchanan Street, Hyattsville, MD 20781
Office 301.779.5100   www.kraftwerks-inc.com   fax 301.277.1933

 

## Kraftwerks, Inc.
Copper · Slate · Tin · Bird Proofing

**Article 7. Insurance**
The Contractor shall provide proof of insurance upon request of the Owner and such insurance will protect the Owner from claims for loss or injury, which might arise out of or result from the Contractor's operations under this project, whether such operations are by the Contractor or by a subcontractor.

**Article 8. Acceptance**
The foregoing terms, specifications and conditions are satisfactory and hereby agreed to. You are authorized to work as specified and payment will be made as outlined above. Upon signing this agreement, the owner represents and warrants that he or she is the authorized agent of the owner of the aforesaid premises and that he or she has read this agreement.

Signed this _10_ day of __April__, _2005_

_____
Name of Owner/Representative

Shawn Watson, owner
Name of Contractor

___Terry_____ (Please initial Article 5)
Signature

NOTE: This contract pricing will be withdrawn after 30 days.

**Material pricing is volatile (precious metals and petroleum based products) and will change the contract price. If you require an updated proposal feel free to contact our office.**

5000 Buchanan Street, Hyattsville, MD 20781
Office 301.779.5100   www.kraftwerks-inc.com   fax 301.277.1933

SUNDAY
APRIL 10, 2005

ADDITIONAL WORK TO SIGNED CONTRACT

BAY FRONT ROOF + DOWN SPOUT
20 SF

Shawn did not include the Bayfront, but instead asked me for a handshake deal.

I get my cousin - Steve Marstaller - SM Welding 240-409-2790 to fabricate 5 sizes of pipe molds for Kraftwerks break-machine, so Shawn could bend copper in round detail to make my cornice wall caps per our contract.

10 feet long 5/8", 1", 1 5/8", 2 1/4", 3".

I agreed to his hand shake deal. We shook hands on my roof top April 10, 2005.

## ADDITIONAL WORK AUTHORIZATION

| CHANGE ORDER # | 1 | DATE | 10/28/05 |
|---|---|---|---|

CUSTOMER NAME: Terry Hume
STREET: 215 Morgan St NW
CITY: Washington   STATE/ZIP: DC 20001

**Original Job Information:**

JOB NAME: Capital City Restoration   LOCATION: 215 Morgan St NW
JOB/CONTRACT #: N/A   DATE: April 2005

We hereby submit the following specifically described additional work:

In lieu of modified membrane as specified in the original contract dated April 2005, we will fabricate and install new flat seam copper roofing.

Less Original (Mod. Bit.) ($1,100.00)
Change Order 1 ($450.00)

*Additional Cu $1,613.64
Solder $257.00
Flux $25.00
Labor $2,584.00
$4,480.64*

$3,380.00

Note: Walls and wall cap were included in original so there is no change.

Additional charge for above described work is: $ 3,380.00 Dollars

with payments to be made as follows: Materials by 10/31/05 balance with balance of project (1) 10/31 $1895.00 (2) Balance $1485.00

Additional work to be performed under same conditions as specified in original contract unless otherwise stipulated.

We propose hereby to furnish material and labor — complete in accordance with these specifications at above stated price.

Respectfully submitted _____

### ACCEPTANCE OF ADDITIONAL WORK

The above prices, specifications and conditions are satisfactory and are hereby accepted. You are authorized to do the work as specified. Payments will be made as outlined above.

Date of Acceptance _____   Signature _____

ADDITIONAL WORK AUTHORIZATION

NC3024 MADE IN USA

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS
Terry L. Hume
215 Morgan Street, NW
Washington DC 20001

### DEFENDANTS
Shawn Watson, c/o Kraftwerks, Inc., 5000 Buchanan Street, Hyattsville MD 20781
and
Kraftwerks, Inc., 5000 Buchanan Street, Hyattsville MD 20781

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Prince George's
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

### (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John C. Lowe
John Lowe, P.C.
5920 Searl Terrace
Bethesda MD 20816
301-320-5595

Case: 1:07-cv-01742
Assigned To : Roberts, Richard W.
Assign. Date : 9/28/2007
Description: General Civil

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
◉ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ◉ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ◉ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A.** *Antitrust*
☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

◉ **E.** *General Civil (Other)*   OR   ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☒ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 USC Sec 1331 - Breach of contract and fraud for contract to replace and install copper roof, D.C. Code Sec. 16-800, et seq, and Sec 28-3901, et seq.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 300,000.00   Check YES only if demanded in complaint   JURY DEMAND: YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE September 28, 2007   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.