IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERRY L. HUME<br>215 Morgan Street, NW<br>Washington, D.C. 20001<br><br>      Plaintiff<br><br>v.<br><br>SHAWN WATSON<br>c/o KRAFTWERKS, INC.<br>5000 Buchanan Street<br>Hyattsville, Maryland 20781<br><br>      and<br><br>KRAFTWERKS, INC.<br>5000 Buchanan Street<br>Hyattsville, Maryland 20781<br><br>      Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:  Case No. 1:07-cv-01742<br>:  Assigned to: Richard W. Roberts<br>:  Assign. Date: 9/28/2007<br>:  Description: General Civil<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

COME NOW the Defendants, Shawn Watson c/o Kraftwerks, Inc. and Kraftwerks, Inc., by and through their attorneys, McCarthy Wilson LLP and Edward J. Brown, and file this Answer to Plaintiff's Complaint, and state:

### FIRST DEFENSE

That the Complaint fails to state a claim upon which relief can be granted;

### SECOND DEFENSE

That all or part of the relief sought is barred by the applicable Statute of Limitations;

## THIRD DEFENSE

That the Plaintiffs failed to mitigate damages, which bars all or part of the relief sought;

## FOURTH DEFENSE

With respect to the individually numbered paragraphs of Plaintiff's Complaint, the Defendants respond as follows:

1. Denied.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted, to the extent that the averments in paragraph 8 refer to the payment plan pursuant to the contract.

9. Admitted.

10. Denied.

11. Defendants admit that the contract, business cards and website included a Revere Copper Products, Inc. logo, and deny the remainder of paragraph 11.

12. Defendants admit that its website contained a hyperlink to Revere Copper Products, Inc., but objects to, and thus denies, the implication in the remainder of the paragraph that "authority" existed.

13. Admitted, incorporating paragraph 12 above regarding the implication with respect to "authority".

14. Admitted, incorporating paragraph 13 above regarding the implication with respect to "authority".

15. Admitted.

16. Admitted.

17. Admitted.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Admitted, but Defendants object to the implication that there was an authorization provision.

23. Admitted, but Defendants object to the implication that there was an authorization provision.

24. Denied.

25. Denied; however, Defendants did represent to Plaintiff that they only used Revere Copper for the copper roof projects.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Defendants incorporate herein by reference their prior responses.

37. Denied.

38. Defendants incorporate herein by reference their prior responses.

Unnumbered paragraph.    Denied.

39. Defendants incorporate herein by reference their prior responses.

40. Denied.

41. Denied.

42. Denied

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50    Denied.

## FIFTH DEFENSE

That the Defendants deny the causal relationship of the Plaintiff's alleged losses to this occurrence;

## SIXTH DEFENSE

That Defendants generally deny all liability to the Plaintiff and any alleged damages arising therefrom.

Respectfully submitted,

McCARTHY WILSON LLP

/s/ Edward J. Brown
Edward J. Brown
DC Bar #414365
100 South Washington Street
Rockville, Maryland  20850
(301) 762-7770
(301) 762-9079 Fax
browne@mcwilson.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANTS' ANSWER OF PLAINTIFF'S COMPLAINT was electronically submitted this 13th day of November, 2007 to:

John C. Lowe, Esquire
John Lowe, P.C.
5920 Searl Terrace
Bethesda, Maryland 20816

/s/ Edward J. Brown
Edward J. Brown