IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERRY L. HUME : <br> : <br> Plaintiff : <br> : <br> v.   : <br> : <br> SHAWN WATSON : <br> c/o KRAFTWERKS, INC. : <br> : <br> and : <br> : <br> KRAFTWERKS, INC. : <br> : <br> Defendants : | Case No. 1:07-cv-01742 <br> Assigned to: Richard W. Roberts <br> Assign. Date: 9/28/2007 <br> Description: General Civil |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER OF DEFAULT

COME NOW the Defendants, Shawn Watson and Kraftwerks, Inc., by and through their attorneys, McCarthy Wilson LLP and Edward J. Brown, have filed their Memorandum in Opposition to Plaintiff's Motion for Order of Default and state:

**I.   INTRODUCTION**

This action involves Plaintiff's claims against Defendants arising out of Plaintiff's dissatisfaction with her copper roof installed by Defendant Kraftwerks, Inc. Defendants have filed an Answer and denied liability and Plaintiff's alleged damages. Plaintiff has filed a four count Complaint, alleging Breach of Contract, Violation of DC Code Title § 16-800.1, Violation of DC Code Title § 28-3904 (a), (b), (d), (e), and (u), and Fraud. The procedural history of the case is important. This case was filed on October 1, 2007 and it appears that Plaintiff will allege that both Defendant Watson and Defendant Kraftwerks,

Inc., through Mr. Watson, were served on October 12, 2007. Defendant believed that they were not served until the last week of October 2007, and notes that Mr. Johnson is not 5' 9" with black hair, as set forth in the Affidavit of Service, but rather is 6' with brown hair.

On November 13, 2007, Defendants' counsel, believing that Defendants' Answer might be due if Mr. Watson were served in both capacities on October 22, 2007 (Defendants could not recall the exact date during the last full week of October that they were served), called Plaintiff's counsel and left a voice mail, notifying Plaintiff's counsel that he was defending these parties and inquiring as to the exact information regarding service. As Defendants' counsel was unable to reach Plaintiff's counsel, he then checked the computer docket and discovered that the Plaintiff had, in fact, filed Affidavits of Service alleging that service was obtained on October 12, 2007. Defendants' counsel also confirmed that a Motion of Default had not been filed. However, not having received a returned phone call by the end of the day, Defendants' counsel's paralegal again checked the electronic docket database and discovered that at some point that afternoon a Motion for Default had been filed, although it did not include an Affidavit in support of default. (Attached hereto as **Exhibits A and B** are the respective docket printouts from November 13, 2007.) Upon discovery of the filing of a Motion for Default, not having received a return call from Plaintiff's counsel, Defendants

immediately filed their Answer.[1] The following day, Plaintiff did, in fact, file an Affidavit in support of default.

II.  **ARGUMENT**

The entry of a judgment by default is not justified under the circumstances of this matter.

The entry of a judgment of default is a drastic measure, as it effectively deprives the Defendants of any opportunity to raise their valid liability defenses. Although, to some extent, all motions for judgment of default are based upon "form over substance", in this action, the action at issue a hyper-technical, formalistic event. Although if Plaintiff's Affidavits of Service are correct, and Defendants were mistaken about the date of service, their Answer was overdue, their tardiness was a mere matter of six (6) business days. Plaintiff has not in any realistic, substantive or even technical matter been prejudiced by this extremely short delay.

Furthermore, the Motion for Judgment of Default was, and remains, faulty at the time that Defendants' Answer was filed. The Affidavit required by Rule 55(a) was not filed until after Defendants' Answer was filed; thus, there was not a perfected or Rule-compliant Motion for Default pending at the time Defendants' Answer was filed.

---

[1] In addition to this Opposition, Defendants are filing a Verified Answer and supporting Affidavit, courtesy copies of which are attached hereto collectively as **Exhibit C**.

3

Furthermore, the Default Motion remains legally insufficient, as Plaintiff has failed to attach a Non-Military Affidavit as required by the Soldiers and Sailors Relief Act of 1940 (as amended in 2003).

Defendants aver that the six (6) working day delay does not and cannot merit the entry of a judgment of default, particularly when the allegations raised by Plaintiff are of such a serious and condemning nature.  Plaintiff has not only alleged that the Defendant or Defendants breached their contract, but further alleges that Defendants defrauded her and violated various D.C. Statutes, for which they are claiming $100,000.00 compensatory damages and $200,000.00 in punitive damages.  Defendants should be given the right to set forth their defenses and litigate same on the merits.  It is <u>beyond cavil</u> that public policy favors the decision of cases on the merits.  This is particularly true in a case where the delay, if any, is minimal.

Plaintiff's counsel has averred that he was unaware of Defendants' counsel's voicemail message, and thus the filing of the Motion for Judgment of Default subsequent to same was a matter of pure coincidence.  Defendants would trust that if Plaintiff's counsel had, in fact, received the call, the Motion would not have been filed.  Thus, it would be the ultimate injustice to enter a judgment of default on these serious allegations against both Defendants based simply upon the timing of a missed phone call.  It would similarly be ironic for Defendants to be defaulted due to a technical failure to plead six (6) business days earlier when, in fact, the Plaintiff's Motion was itself technically deficient.

United States Rule of Civil Procedure 55 empowers this Court to set aside a default upon a showing of good cause. In this action, the Opposition to the Motion for a Default is being raised before any such judgment has been entered. Defendants have averred that they have satisfied the good cause requirement for the reasons stated above.

## III.   CONCLUSION

WHEREFORE, Defendants respectfully request this Court to deny Plaintiff's Motion for Judgment of Default, and to issue an Initial Order so that the parties can confer regarding a discovery plan and work cooperatively and diligently together to expedite the claims and defenses at issue.

Respectfully submitted,

McCARTHY WILSON LLP

/s/ Edward J. Brown
Edward J. Brown
DC Bar #414365
100 South Washington Street
Rockville, Maryland  20850
(301) 762-7770
(301) 762-9079 Fax
browne@mcwilson.com
*Attorneys for Defendants*

**REQUEST FOR HEARING**

Defendants hereby request a hearing on all issues raised herein.

/s/ Edward J. Brown
Edward J. Brown

5

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER OF DEFAULT was electronically submitted this 26th day of November, 2007 to:

John C. Lowe, Esquire
John Lowe, P.C.
5920 Searl Terrace
Bethesda, Maryland 20816

                                            /s/ Edward J. Brown
                                            Edward J. Brown

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERRY L. HUME | : |
| | : |
|     Plaintiff | : |
| | : |
| v. | : Case No. 1:07-cv-01742 |
| | : Assigned to: Richard W. Roberts |
| SHAWN WATSON | : Assign. Date: 9/28/2007 |
| c/o KRAFTWERKS, INC. | : Description: General Civil |
| | : |
|     and | : |
| | : |
| KRAFTWERKS, INC. | : |
| | : |
|     Defendants | : |

## ORDER

Upon consideration of Plaintiff's Motion for Order of Default, and the Defendants' Memorandum in Opposition thereto, it is this _____ day of _____, 2007, hereby

ORDERED, that the Plaintiff's Motion for Order of Default be and hereby is DENIED.

                                                                     JUDGE, United States District Court
                                                                     For the District of Columbia

**Copies to:**

John C. Lowe, Esquire
John Lowe, P.C.
5920 Searl Terrace
Bethesda, Maryland 20816
*Attorney for Plaintiffs*

Edward J. Brown, #414365
100 S. Washington Street

Rockville, Maryland 20850
*Attorney for Defendants*

JURY, TYPE-E

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:07-cv-01742-RWR



HUME v. WATSON et al
Assigned to: Judge Richard W. Roberts
Demand: $300,000
Cause: 28:1332 Diversity-Other Contract

Date Filed: 09/28/2007
Jury Demand: Plaintiff
Nature of Suit: 290 Real Property: Other
Jurisdiction: Diversity

**Plaintiff**

TERRY L. HUME                    represented by  **John C Lowe**
                                                 FINNEGAN, HENDERSON,
                                                 FARABOW, GARRETT & DUNNER,
                                                 L.L.P.
                                                 Two Freedom Square
                                                 11955 Freedom Drive
                                                 Suite 800
                                                 Reston, VA 20190-5675
                                                 (571) 203-2700
                                                 Fax: (202) 408-4400
                                                 Email: john.lowe@finnegan.com
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

V.

**Defendant**

SHAWN WATSON

**Defendant**

KRAFTWERKS, INC.

| Date Filed | # | Docket Text |
|---|---|---|
| 09/28/2007 | 1 | COMPLAINT against SHAWN WATSON, KRAFTWERKS, INC. ( Filing fee $ 350, receipt number 4616007221) filed by TERRY L. HUME. (Attachments: # 1 Exhibit # 2 Civil Cover Sheet)(jf, ) (Entered: 10/01/2007) |
| 09/28/2007 |   | Summons (2) Issued as to SHAWN WATSON, KRAFTWERKS, INC.. (jf, ) (Entered: 10/01/2007) |
| 11/09/2007 | 2 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. SHAWN WATSON served on 10/12/2007, answer due 11/1/2007 (Lowe, John) (Entered: 11/09/2007) |

| 11/09/2007 | 3 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. KRAFTWERKS, INC. served on 10/12/2007, answer due 11/1/2007 (Lowe, John) (Entered: 11/09/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 11/13/2007 16:49:49 | | | |
| PACER Login: | mw0680 | Client Code: | er1 7245 |
| Description: | Docket Report | Search Criteria: | 1:07-cv-01742-RWR |
| Billable Pages: | 1 | Cost: | 0.08 |

JURY, TYPE-E



# U.S. District Court
## District of Columbia (Washington, DC)
### CIVIL DOCKET FOR CASE #: 1:07-cv-01742-RWR

HUME v. WATSON et al  
Assigned to: Judge Richard W. Roberts  
Demand: $300,000  
Cause: 28:1332 Diversity-Other Contract

Date Filed: 09/28/2007  
Jury Demand: Plaintiff  
Nature of Suit: 290 Real Property: Other  
Jurisdiction: Diversity

**Plaintiff**

TERRY L. HUME　　　　　　　　　　　represented by **John C Lowe**  
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.  
Two Freedom Square  
11955 Freedom Drive  
Suite 800  
Reston, VA 20190-5675  
(571) 203-2700  
Fax: (202) 408-4400  
Email: john.lowe@finnegan.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

SHAWN WATSON

**Defendant**

KRAFTWERKS, INC.

| Date Filed | # | Docket Text |
|---|---|---|
| 09/28/2007 | 1 | COMPLAINT against SHAWN WATSON, KRAFTWERKS, INC. ( Filing fee $ 350, receipt number 4616007221) filed by TERRY L. HUME. (Attachments: # 1 Exhibit # 2 Civil Cover Sheet)(jf, ) (Entered: 10/01/2007) |
| 09/28/2007 | | Summons (2) Issued as to SHAWN WATSON, KRAFTWERKS, INC.. (jf, ) (Entered: 10/01/2007) |
| 11/09/2007 | 2 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. SHAWN WATSON served on 10/12/2007, answer due 11/1/2007 (Lowe, John) (Entered: 11/09/2007) |

| 11/09/2007 | 3 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. KRAFTWERKS, INC. served on 10/12/2007, answer due 11/1/2007 (Lowe, John) (Entered: 11/09/2007) |
| --- | --- | --- |
| 11/13/2007 | 4 | First MOTION for Default Judgment as to *both defendants* by TERRY L. HUME (Attachments: # 1 Text of Proposed Order Order)(Lowe, John) (Entered: 11/13/2007) |

| PACER Service Center |||
| --- | --- | --- |
| Transaction Receipt |||
| 11/13/2007 16:50:39 |||
| PACER Login: mw0680 | Client Code: | er1 7245 |
| Description: Docket Report | Search Criteria: | 1:07-cv-01742-RWR |
| Billable Pages: 1 | Cost: | 0.08 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERRY L. HUME<br>215 Morgan Street, NW<br>Washington, D.C. 20001<br><br>    Plaintiff<br><br>        v.<br><br>SHAWN WATSON<br>c/o KRAFTWERKS, INC.<br>5000 Buchanan Street<br>Hyattsville, Maryland 20781<br><br>    and<br><br>KRAFTWERKS, INC.<br>5000 Buchanan Street<br>Hyattsville, Maryland 20781<br><br>    Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: Case No. 1:07-cv-01742<br>: Assigned to: Richard W. Roberts<br>: Assign. Date: 9/28/2007<br>: Description: General Civil<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### DEFENDANTS' VERIFIED ANSWER TO PLAINTIFF'S COMPLAINT

COME NOW the Defendants, Shawn Watson c/o Kraftwerks, Inc. and Kraftwerks, Inc., by and through their attorneys, McCarthy Wilson LLP and Edward J. Brown, and file this Verified Answer to Plaintiff's Complaint, and state:

#### FIRST DEFENSE

That the Complaint fails to state a claim upon which relief can be granted;

#### SECOND DEFENSE

That all or part of the relief sought is barred by the applicable Statute of Limitations;

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770



### THIRD DEFENSE

That the Plaintiffs failed to mitigate damages, which bars all or part of the relief sought;

### FOURTH DEFENSE

With respect to the individually numbered paragraphs of Plaintiff's Complaint, the Defendants respond as follows:

1. Denied.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted, to the extent that the averments in paragraph 8 refer to the payment plan pursuant to the contract.

9. Admitted.

10. Denied.

11. Defendants admit that the contract, business cards and website included a Revere Copper Products, Inc. logo, and deny the remainder of paragraph 11.

12. Defendants admit that its website contained a hyperlink to Revere Copper Products, Inc., but objects to, and thus denies, the implication in the remainder of the paragraph that "authority" existed.

LAW OFFICES
MCCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

13. Admitted, incorporating paragraph 12 above regarding the implication with respect to "authority".

14. Admitted, incorporating paragraph 13 above regarding the implication with respect to "authority".

15. Admitted.

16. Admitted.

17. Admitted.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Admitted, but Defendants object to the implication that there was an authorization provision.

23. Admitted, but Defendants object to the implication that there was an authorization provision.

24. Denied.

25. Denied; however, Defendants did represent to Plaintiff that they only used Revere Copper for the copper roof projects.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

LAW OFFICES
MCCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Defendants incorporate herein by reference their prior responses.

37. Denied.

38. Defendants incorporate herein by reference their prior responses.

Unnumbered paragraph.   Denied.

39. Defendants incorporate herein by reference their prior responses.

40. Denied.

41. Denied.

42. Denied

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50  Denied.

LAW OFFICES
MCCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

FIFTH DEFENSE

That the Defendants deny the causal relationship of the Plaintiff's alleged losses to this occurrence;

SIXTH DEFENSE

That Defendants generally deny all liability to the Plaintiff and any alleged damages arising therefrom.

Respectfully submitted,

McCARTHY WILSON LLP

/s/ Edward J. Brown
Edward J. Brown
DC Bar #414365
100 South Washington Street
Rockville, Maryland 20850
(301) 762-7770
(301) 762-9079 Fax
browne@mcwilson.com
*Attorneys for Defendants*

VERIFICATION CLAUSE

I do verify, under penalties of perjury that the matters set forth in this Answer are true based upon my knowledge, information and belief.

Shawn Watson

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANTS' VERIFIED ANSWER OF PLAINTIFF'S COMPLAINT (WITH VERIFICATION CLAUSE) was electronically submitted this 26th day of November, 2007 to:

John C. Lowe, Esquire
John Lowe, P.C.
5920 Searl Terrace
Bethesda, Maryland 20816

/s/ Edward J. Brown
Edward J. Brown

LAW OFFICES
MCCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TERRY L. HUME

    Plaintiff

v.

SHAWN WATSON
c/o KRAFTWERKS, INC.

and

KRAFTWERKS, INC.

    Defendants

Case No. 1:07-cv-01742
Assigned to: Richard W. Roberts
Assign. Date: 9/28/2007
Description: General Civil

## AFFIDAVIT OF SHAWN WATSON

I, Shawn Watson, am over 18 years of age, am competent to testify, and state:

1. That I am President of Kraftwerks, Inc.

2. That I did receive a Summons in the above-referenced action. It is my belief that the Summons was served at some point in the last full week of October.

3. That I am six feet (6') tall and have brown hair.

THAT I DO SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING TRUE BASED UPON MY PERSONAL KNOWLEDGE.

_____
SHAWN WATSON

LAW OFFICES
McCARTHY WILSON
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770


DEFENDANT'S EXHIBIT