IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Terry L. Hume )<br>215 Morgan Street, NW )<br>Washington, DC 20001 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Shawn Watson )<br>c/o Kraftwerks, Inc. )<br>5000 Buchanan Street )<br>Hyattsville, MD 20781 )<br>)<br>and )<br>)<br>Kraftwerks, Inc. )<br>5000 Buchanan Street )<br>Hyattsville, MD 20781 )<br>Serve: Shawn Watson, President, )<br>)<br>Defendants. ) | Case 1:07-cv- 01742<br><br>Reply in Support of Default Judgment |

## REPLY IN SUPPORT OF DEFAULT JUDGMENT

Defendant filed an Opposition to Plaintiff's Motion for Order of default with supporting Memorandum and exhibits. The Opposition is defective and falls short of the legal standard to open the door for the Court to excuse the default.

Under Fed. R. Civ. P. 55(c), a court has discretion to set aside an entry of default for "good cause shown." In the D.C. Circuit, the factors a court must consider in determining the existence of good cause are: "(1) whether the default was willful, (2) whether a set-aside would prejudice plaintiff, and (3) whether the defendant has presented a meritorious defense," resolving any doubts in favor of the moving party. *Capital Yacht Club v. Vessel AVIVA*, 228 F.R.D. 389 (D.D.C. 2005) (citing *Whelan v. Abell,* 48 F.3d 1247, 1259 (D.C. Cir. 1995) and *Jackson v.*

*Beech,* 636 F.2d 831, 836 (D.C. Cir. 1980)). There is no assertion by Plaintiff at this point that the default was willful. The set-aside prejudice is simply that the Plaintiff will be put to the expense and trouble of litigation and trial if the default is forgiven by the Court.

The principal reason for the failure of defendant's objection to a finding of default is the failure to "present" a meritorious defense. The standard included in the court's Local Rules requires that "a motion to vacate an entry of default . . . shall be accompanied by a verified answer presenting a defense sufficient to bar the claim in whole or in part". LCvR 7(g) (D.D.C., Oct. 12, 2006).

For the law to make any sense, the term "presentation of a meritorious defense" or "presenting a defense sufficient to bar the claim in whole or in part" must mean more than what amounts to "an unsubstantiated boast" -- a mere bald assertion of a labeled defense out of a defense counsel form book, without more. For example, it cannot be that the mere filing of a late Answer with the bald, unilluminating, and unsupported allegation that the claim is barred by the applicable Statute of Limitations can be such a presentation of a meritorious defense. That would make a mockery of the concept of default. Why not equally accept a bald assertion by a defendant "I am not liable."?

In *Murray v. District of Columbia*, 52 F.3d 353 (D.C. Cir. 1995) the D.C. Circuit adopted the foregoing rationale:

> Although the proffered claim or defense need not be "ironclad," a Rule 60(b) movant "must at least establish that it possesses a potentially meritorious claim or defense which, if proven, will bring success in its wake." *Superline Transp.,* 953 F.2d at 21. Consequently, even if lack of notice of a dispositive motion warrants granting reconsideration, appellants must still proffer, as movants under Rule 60(b), a potentially meritorious claim or defense **in order to provide the district court with a basis for concluding that granting reconsideration will not be a useless gesture**. See *Lepkowski,* 804 F.2d at 1314; *Boyd,* 905 F.2d at 769.
>
> While the claim or defense proffered by the Rule 60(b) movant **must be "more than an unsubstantiated boast**," see *Superline Transp.,* 953 F.2d at 21,

52 F.3d at 355-56 (emphasis supplied).

The law must contemplate a true "presentation," that is, a presentation of an outline of factual allegations which, if proven and believed would prove the defense. In order to enable the Court a basis for concluding that granting relief from default will not be a useless gesture, there must be some factual presentation -- not merely "unsubstantiated boasting," which is all that the form book defenses of Defendants' Answer provide.

So, for example, in the case of a Statute of Limitations defense, a proper presentation would require an allegation of what event started the statue running, an allegation of the date when the complaint was filed, and a demonstration that with those start and filing dates, the action was not filed within the statutory period. That would not require proof that the dates asserted were provable against any defense or that witnesses to be presented to prove those facts would be believed, but merely a presentation of the defense. That is a very low threshold of presentation, which is all that is required, but it is more that mere bald assertions.

Similarly, with the defense to Counts II and III of Plaintiff's Complaint, there is no presentation of a defense other than a mere, bald denial. There is no factual presentation as to what defense the Defendants have to violating the two cited provisions of the D.C. Code. No presentation of defense means no relief from default, and default judgment should be entered on Counts II and III, at least.

As to Counts I and IV, the defendants present nothing but denials of Plaintiff's specific complaint allegations without offering any explanations, contradicting factual allegations, identities of witnesses who will be offered to prove the denials, documents that will be offered in support of the denials, or other "presentation of a defense."

To permit a default to be excused on the basis of nothing but bald denials and assertions of defenses, without more, will make meaningless the requirement for timely pleading to a

3

complaint. The Court should not open that door even a crack. The Court should rule that "presentation of meritorious defenses" and "presenting a defense sufficient to bar the claim in whole or in part" has meaning and that meaning is not

    a.    "generally alleging that Plaintiffs fail to state a claim on which relief can be granted without the first suggestion of why Defendant might be able to prove that;

    b.    that all or part of the relief sought is barred by the applicable Statute of Limitations, without alleging what that statutory period is and what acts will be offered to show a date that misses the statute;

    c.    that Plaintiffs (sic) failed to mitigate damages, which bars all or part of the relief sought;

    d.    that Plaintiff's allegations are denied, without the first factual allegation to show what Defendants will attempt to prove to support those denials;

    d.    that the Defendants deny the causal relationship of the Plaintiff's alleged losses to this occurrence, without the first allegation of a fact Defendants will try to prove to show that;

    e.    and finally, the ultimate allegation mentioned above, as contained in defendants' Sixth defense, essentially "we are not liable," without any allegations as to what factual presentation defendants plan to attempt at trial to prove that, if permitted to do so.

The Court should grant default Judgment on all Counts.

                                Respectfully submitted,
                                Terry L. Hume, Plaintiff
                                By Counsel

_____
John C. Lowe
D.C. Bar No. 427019
John Lowe, P.C.
5920 Searl Terrace

Bethesda MD 20816
301-320-5595
301-320-8878 Fax
johnlowe@johnlowepc.com
Counsel for Plaintiff
November 29, 2007

## SERVICE CERTIFICATE

I hereby certify that on November 29, 2007 I served a copy of the foregoing Reply by electronic filing with the Court on

    Edward J. Brown, Esq.
    McCarthy Wilson
    100 South Washington Street
    Rockville MD 220850
    Counsel for Defendants.

_____
John C. Lowe