IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Terry L. Hume<br>215 Morgan Street, NW<br>Washington, DC 20001<br><br>    Plaintiff,<br><br>v.<br><br>Shawn Watson<br>c/o Kraftwerks, Inc.<br>5000 Buchanan Street<br>Hyattsville, MD 20781<br><br>and<br><br>Kraftwerks, Inc.<br>5000 Buchanan Street<br>Hyattsville, MD 20781<br>Serve: Shawn Watson, President,<br><br>    Defendants. | Case No. 1:07-cv-01742 |

## MOTION TO AMEND COMPLAINT

1.     This is an action to recover damages for the fraudulent and illegal actions of Defendants in inducing Plaintiff into a contract to install an expensive copper roof on her house in Washington, D.C. and then failing to install the roof pursuant to contract or proper standards. In addition to breach of contract, the actions of Defendants constitute common law fraud in the inducement and violations of the D.C. Home Improvements Act, D.C. Code § 16-800, et seq., and D.C. Consumer Protection Act, D.C. Code, § 28-3901, et. seq.

2.  For the reasons stated in the accompanying Memorandum, pursuant to Fed. R. Civ. P. 15(a), Plaintiff moves to amend her Complaint. The Amended Complaint is appended to this Motion.

3.  By agreement filed with the Court in a Consent Notice immediately prior to the filing of this Motion, the parties have agreed that amendments to pleadings may be filed by May 30, 2008.

Respectfully submitted,

Terry L. Hume, Plaintiff
By Counsel

_/s/ John C. Lowe_
John C. Lowe
D.C. Bar No. 427019
John Lowe, P.C.
5920 Searl Terrace
Bethesda MD 20816
301-320-5595
301-320-8878 Fax
johnlowe@johnlowepc.com
Counsel for Plaintiff
May 29, 2008

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Plaintiff's Motion to Amend Complaint, with attached Amended Complaint, was e-mailed May 29, 2008, to Edward J. Brown, Esq., pursuant to agreement of counsel.

_/s/ John C. Lowe_
John C. Lowe

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Terry L. Hume<br>215 Morgan Street, NW<br>Washington, DC 20001<br><br>　　　Plaintiff,<br><br>v.<br><br>Shawn Watson<br>c/o Kraftwerks, Inc.<br>5000 Buchanan Street<br>Hyattsville, MD 20781<br><br>and<br><br>Kraftwerks, Inc.<br>5000 Buchanan Street<br>Hyattsville, MD 20781<br>Serve:  Shawn Watson, President,<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:07-cv-01742 |

## MEMORANDUM IN SUPPORT OF MOTION TO AMEND COMPLAINT

1.　　This is an action to recover damages for the fraudulent and illegal actions of Defendants in inducing Plaintiff into a contract to install an expensive copper roof on her house in Washington, D.C. and then failing to install the roof pursuant to contract or proper standards.  In addition to breach of contract, the actions of Defendants constitute common law fraud in the inducement and violations of the D.C. Home Improvements Act, D.C. Code § 16-800, et seq., and D.C. Consumer Protection Act,  D.C. Code, § 28-3901, et. seq.

2.  During discovery, it has been learned that Defendant Kraftwerks, Inc., was in fact a sham and an artifice for Defendant Watson to use in order to avoid accountability for his breaches of contracts and his frauds against customers.

3.  During discovery it has been disclosed that Kraftwerks, Inc. has gone out of business, thus threatening to have Defendant Watson successfully avoid accountability for his breaches and fraud by attributing the contract obligations to Kraftwerks, Inc,. and contending that there was no contract with him that could have been breached by him.

4.  Accordingly, pursuant to Fed. R. Civ. P. 15(a), Plaintiff moves to amend her Complaint to plead additional facts further showing that the Defendant Corporation, Kraftwerks, Inc., was a sham and that the real party to all contracts was Defendant Shawn Watson. For the reasons stated above, the interests of justice warrant approval of this requested amendment.

5.  By agreement filed with the Court in a Consent Notice immediately prior to the filing of this Motion, the parties have agreed that amendments to pleadings may be filed by May 30, 2008.

6.  The Amended Complaint is appended to this Motion.

Respectfully submitted,

Terry L. Hume, Plaintiff
By Counsel

_____
John C. Lowe
D.C. Bar No. 427019
John Lowe, P.C.
5920 Searl Terrace
Bethesda MD 20816
301-320-5595
301-320-8878 Fax
johnlowe@johnlowepc.com
Counsel for Plaintiff
May 29, 2008

2

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Plaintiff's Memorandum in Support of Motion to Amend Complaint was e-mailed May 29, 2008, to Edward J. Brown, Esq., pursuant to agreement of counsel.

_____
John C. Lowe

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Terry L. Hume<br>215 Morgan Street, NW<br>Washington, DC 20001<br><br>　　　Plaintiff,<br><br>v.<br><br>Shawn Watson<br>c/o Kraftwerks, Inc.<br>5000 Buchanan Street<br>Hyattsville, MD 20781<br><br>and<br><br>Kraftwerks, Inc.<br>5000 Buchanan Street<br>Hyattsville, MD 20781<br>Serve:  Shawn Watson, President,<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 1:07-cv-01742 |

## AMENDED COMPLAINT

Introduction

1.   This is an action to recover damages for the fraudulent and illegal actions of Defendants in inducing Plaintiff into a contract to install an expensive copper roof on her house in Washington, D.C. and then failing to install the roof pursuant to contract or proper standards. In addition to breach of contract, the actions of Defendants constitute common law fraud in the inducement and violations of the D.C. Home Improvements Act, D.C. Code § 16-800, et seq., and D.C. Consumer Protection Act, D.C. Code, § 28-3901, et. seq.

Jurisdiction and Venue

2. Jurisdiction of the Court arises pursuant to 28 U.S.C. § 1331. The Plaintiff is a citizen of the District of Columbia. Both Defendants are, on information and belief, citizens of the State of Maryland. Therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

3. Venue is proper because the contract between the parties was entered into in the District of Columbia and the property on which the faulty work was performed is in the District of Columbia. 28 U.S.C. § 1391 (a)(2).

Parties

4. Plaintiff Hume ("Hume") is a resident of 215 Morgan Street, NW, within the City of Washington, District of Columbia, and is over the age of 18 years.

5. Defendant Watson ("Watson") is a resident of Riverdale, Prince George's County, MD, over the age of 18 years, and an owner and employee of Defendant Kraftwerks, Inc.

6. Defendant Kraftwerks, Inc. ("Kraftwerks"), is a corporation owned, in whole or in part, by Watson, that has its main business office at 5000 Buchanan Street, Hyattsville, MD.

Statement of Claim

7. On April 10, 2005, after various negotiations in the District of Columbia, Hume and Kraftwerks entered into a written contract (dated April 8, 2005, on first page, but signed on April 10, 2005) in the District of Columbia for Kraftwerks to install a copper roof on the new construction on the house at 215 Morgan Street, NW, Washington, DC 20001 ("the residence") in accordance with Revere Copper Products, Inc.'s manual "Copper and Common Sense." There was a change order that modified the contract October 28, 3005. A copy of the contract with change order is appended as Exhibit 1.

8. Pursuant to the aforementioned contract, Defendants requested and Plaintiff paid substantial payments for the work required to be performed under the contract before the work was allegedly completed.

9. Under the agreement, the new roof was to be installed with a copper roof of specifications and according to standards set out in the contract.

10. Watson represented to Hume that Kraftwerks was an approved installer of Revere Copper roofing .

11. Defendants' contract forms, business cards, stationery, web site, and other materials and items they used were emblazoned with a Revere Copper Products, Inc. logo.

12. At the time the parties entered into contract, Defendants' web site, www.kraftwerks-inc.com, was hyperlinked to Revere Copper Products, Inc.

13. Defendants' web site was using the hyperlink to Revere Copper Products, Inc. without authority of Revere Copper Products, Inc.

14. At the time the parties entered into contract, neither Watson nor Kraftwerks was authorized to use the Trademarked logo of Revere Copper Products, Inc.

15. At the time the parties entered into contract, Defendant Watson was not licensed by the District of Columbia to perform home improvement work of the type involved in installation of the copper roof for Plaintiff.

16. At the time the parties entered into contract, Defendant Kraftwerks was not licensed by the District of Columbia to perform home improvement work of the type involved in installation of the copper roof for Plaintiff.

17.     During the time period May 2005 through approximately October 2006, Defendants installed copper roofing on a portion of Plaintiff's house, purportedly pursuant to the contract of the parties.

18.     Plaintiff experienced leaks in the new roof from the inception of its installation up to and through the present time.

19.     The leaks in the roof were due to improper installation of the copper roof by Defendants.

20.     In October 2006, a representative of Revere Copper Products, Inc. visited the residence and reported that no portion of the copper roof was installed correctly.

21.     As a result of its October 2006 inspection, Revere Copper Products, Inc., recommended that the copper roof installed by Defendants be torn off, discarded, and completely replaced by a competent copper roof installer.

22.     At the time the parties entered into contract, Watson was not an authorized copper roofing dealer or installer of Revere Copper Products, Inc.

23.     At the time the parties entered into contract, Kraftwerks was not an authorized copper roofing dealer or installer of Revere Copper Products, Inc.

24.     As an inducement to cause Plaintiff to enter into the aforesaid contact, Defendants falsely represented to Plaintiff that Defendant Shawn Watson and/or Defendant Kraftwerks, Inc., had bought out one of two owners of Wagner Roofing Company, a widely known and reputable company in Maryland.

25.     As an inducement to cause Plaintiff to enter into the aforesaid contact, Defendants falsely represented to Plaintiff that the only copper they used for roofs was Revere Copper.

26. Defendants also falsely represented to Plaintiff that they were able to buy their copper cheaper than other roofers because of the large volume of copper roofing installed, reinforcing the lie that Defendants had bought out one of the Wagner brothers.

27. Defendants did not install the copper roof in compliance with the terms of the contract.

28. Defendants did not install any of the copper roof in accordance with the Revere Copper Standing Seam Roofing Pan Method.

29. Defendants did not install any of the copper roof in accordance with the Revere Copper Flat Seam Roofing Pan Method.

30. Defendants did not install any of the copper roof in accordance with any acceptable and effective Copper Roofing Method.

31. The resulting roof leaked both during installation and after it was completed to the extent that it was completed, causing damage to Plaintiff's property.

32. Plaintiff has paid in full the amounts Defendants claimed were due under the contract, except for an amount of $2,500.00.

33. The cost to Plaintiff of replacing the defective copper roof will be in excess of $75,000.00.

34. During their work on installing the defective roof Defendants caused extensive damage to the house of Plaintiff and personal property of Plaintiff located in the house.

35. At all times pertinent to this action the two Defendants were acting as one entity.

36. At all times pertinent to this action, Defendant Watson was in fact acting, serving, and contracting as the contracting party with Plaintiff through the contract dated April 8, 2005 and signed April 10, 2005, purporting to be a contract between Plaintiff and defendant Kraftwerks,

Inc., though, in fact, Defendant Watson was the real party contracting with Plaintiff in that contract using the name Kraftwerks. Inc. as a pseudonym for himself.

37.    Every claim of damage asserted by Plaintiff in this action was the direct result of one or more contracts between Defendant Watson and Plaintiff, including but not limited to the written contract dated April 8, 2005, which were breached by Defendant Watson.

## COUNT I

38.    The aforesaid allegations constitute breach of contract.

WHEREFORE, Plaintiff prays for judgment against Defendants in the amount of One Hundred Thousand Dollars ($100,000.00) compensatory damages.

## COUNT II

39.    The allegations of paragraphs 1-35 are incorporated herein by reference.

40.    Because Defendants were not licensed by the District of Columbia to perform home improvement work, the aforesaid allegations constitute intentional violations by Defendants of the D.C. Code, Title 16, Consumers, Commercial Practices, & Civil Infractions, Chapter 8. Home Improvements, §§ 16-800.1.

WHEREFORE, Plaintiff prays for judgment against Defendants in the amount of One Hundred Thousand Dollars ($100,000.00) compensatory damages and Two Hundred Thousand Dollars ($200,000.00) punitive damages.

## COUNT III

41.    The allegations of paragraph 1-37 are incorporated herein by reference.

The aforesaid allegations constitute intentional violations by Defendants of D.C. Code, Title 28, Commercial Instruments and Transactions, Subtitle II, Other Commercial Transactions, Chapter 39, Consumer Protection Procedures, §§ 28-3904 (a), (b), (d), (e), and (u).

WHEREFORE, Plaintiff prays for judgment against Defendants in the amount of One Hundred Thousand Dollars ($100,000.00) compensatory damages and Two Hundred Thousand Dollars ($200,000.00) punitive damages.

### COUNT IV

42. The allegations of paragraph 1-38 are incorporated herein by reference.

43. Defendants committed fraud against Plaintiff, the full extent of which was not discovered by plaintiff until after October 2006, as detailed hereafter.

44. As an inducement to cause Plaintiff to enter into the aforesaid contact, Defendants knowingly and intentionally misrepresenting that Defendant Shawn Watson and/or Defendant Kraftwerks, Inc., had bought out one of two owners of Wagner Roofing Company. That was not true.

45. As an inducement to cause Plaintiff to enter into the aforesaid contact, Defendants knowingly and intentionally knowingly and intentionally misrepresented to Plaintiff that they were able to buy their copper cheaper than other roofers because of the large number of roofs that Wagner installed, reinforcing the lie that Defendants had bought out one of the Wagner brothers. That was not true.

46. The misrepresentation that Defendants had bought out one of the Wagner brothers was a significant, material misrepresentation on which Plaintiff relied to her detriment, believing that it established that Defendants had copper roof installation expertise and equipment, and skilled artisans acquired from Wagner Roofing Company.

47. As an inducement to cause Plaintiff to enter into the aforesaid contact, Defendants knowingly and intentionally misrepresented to Plaintiff that the only copper they used for roofs was Revere Copper. That was not true.

48.     But for the aforesaid fraudulent acts by Defendants, Plaintiff would not have contracted for them to perform the roofing work in question.

49.     The aforesaid allegations constitute fraud in the inducement by Defendants.

50.     As a result of the fraud of Defendants, Plaintiff has suffered and continues to suffer inconvenience, emotional distress, and suffering.

51.     As a result of the fraud of Defendants, Plaintiff has suffered and continues to suffer property damage to her house and personal property, out of pocket expenses, and valuable loss of her time.

WHEREFORE, Plaintiff prays for judgment against Defendants in the amount of One Hundred Thousand Dollars ($100,000.00) compensatory damages and Two Hundred Thousand Dollars ($200,000.00) punitive damages.

### **GENERAL**

52.     As to each and every Count in this Complaint, Plaintiff also prays for an award of interest, costs, and attorney fees against Defendants to the extent allowed by law.

53.     Trial by jury on all counts is demanded on all issues triable by jury.

                                        Respectfully submitted,

                                        Terry L. Hume, Plaintiff
                                        By Counsel

_____
John C. Lowe
D.C. Bar No. 427019
John Lowe, P.C.
5920 Searl Terrace
Bethesda MD 20816
301-320-5595
301-320-8878 Fax
johnlowe@johnlowepc.com
Counsel for Plaintiff
May 29, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Terry L. Hume )<br>215 Morgan Street, NW )<br>Washington, DC 20001 )<br>      )<br>    Plaintiff, )<br>      )<br>v. )<br>      )<br>Shawn Watson )<br>c/o Kraftwerks, Inc. )<br>5000 Buchanan Street )<br>Hyattsville, MD 20781 )<br>      )<br>and )<br>      )<br>Kraftwerks, Inc. )<br>5000 Buchanan Street )<br>Hyattsville, MD 20781 )<br>Serve: Shawn Watson, President, )<br>      )<br>    Defendants. ) | Case No. 1:07-cv-01742 |

## **ORDER**

Upon the May 29, 2008, Motion by Plaintiff to Amend her Complaint to add certain additional factual allegations, the Court notes that the proposed amendment adds no new parties, adds no new Counts, does not change the amounts sued for or relief requested, is timely filed pursuant to an agreement of the parties that requests to amend may be filed up until May 30, 2008, and appears to serve the interests of justice based on the allegations in the Amended Complaint, and accordingly,

It is ORDERED that the Plaintiff's Motion to Amend her Complaint is granted and the Amended Complaint is accepted by the Court for filing.

SO ORDERED.

_____, 2008                              _____
                                                               United States District Judge