IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TERRY L. HUME | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Case No. 1:07-cv-01742 |
| | : | Assigned to: Richard W. Roberts |
| SHAWN WATSON | : | Assign. Date: 9/28/2007 |
| c/o KRAFTWERKS, INC. | : | Description: General Civil |
| | : | |
| and | : | |
| | : | |
| KRAFTWERKS, INC. | : | |
| | : | |
| Defendants | : | |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

COME NOW the Defendants, Shawn Watson and Kraftwerks, Inc., by and through their attorney Edward J. Brown, and filed this Memorandum in Opposition to Plaintiff's Motion to Amend Complaint and state:

## I.    INTRODUCTION

This action involves Plaintiff's claims against Defendants arising out of Plaintiff's dissatisfaction with her copper roof installed by Defendant Kraftwerks, Inc.    The procedural history of the case is important.  This case was filed on October 1, 2007, more than eight months ago, and extensive discovery has been performed based upon those allegations in the Complaint and as further clarified by the discovery process. All of the discovery and other pre-trial efforts, in essence the entire defense to date,  have been performed within the parameters of the case as plead and litigated for these past eight

months.    Thus, to allow an entirely new theory at this late stage would be unduly

prejudicial.

(It is Defendants' understanding that a new Motion to Amend is being filed, as

counsel today conferred pursuant to Local Rule 7(m), and thus the new Motion will

contain the required statement.    Defendants do not object to this filing on timeliness

grounds related to the short delay   between the original Motion to Amend and the

modified Motion to Amend, as it is Defendants' understanding that Plaintiff does not

object to the timeliness of this Opposition as it relates to Plaintiff's original Motion to

Amend filed on or about 5/29/08.)

## II.    ARGUMENT

**Plaintiff   has failed to set forth sufficient facts to justify amending the
complaint to attempt to pierce the corporate shield.**

Plaintiff in her Motion to Amend and Memorandum in support thereof simply sets

forth the conclusory allegation that discovery has disclosed that "Kraftwerks Inc was in

fact a sham and an artifice for Defendant Watson to use in order to avoid accountability

for his breaches of contracts and his frauds  against customers".    Plaintiff has not

however, provided the Court with piece of evidence or other support for this accusation.

Thus, this Court has no evidence of:

1) that Mr. Watson breached any contracts, or even had or made any contracts:

2) that Mr. Watson committed any frauds against any customers

3) that Kraftwerks, Inc. was anything other than a duly formed corporation that

was created long before the contract with (let alone the dispute with) the

plaintiff arose.

It is well established that the action by a Court to pierce a corporate structure

should be "exercised with extreme circumspection".  Perpetual Real Estate Serviceas Inc.

v. Michaelson Properties, 974 F. 2d 545, 550, n. 4 (4th Circ. 1992).  Furthermore Federal

Rule 9(b) mandates that an allegation of fraud, such as the one plaintiff upon which

wishes to base her Amended Complaint, must be plead with particularity.

In the proposed Amended Complaint attached to Plaintiff's Motion , the only allegations

are that at "all times pertinent to this action, the two Defendants were acting as one

entity"  and "Defendant Watson was in fact acting, serving and contracting as the

contracting party with Plaintiff through the contract dated April 8, 2005 and signed April

10, 2005, purporting to be a contract between Plaintiff and defendant Kraftwerks, Inc,

though, in fact, defendant Watson was the real party contracting with Plaintiff in that

contract using the mane Kraftwerks Inc as a pseudonym for himself." See paragraphs 35

and 36.

Plaintiff seemingly ignores the fact that, at Paragraph 7 of the proposed Amended

Complaint and the original Complaint, Plaintiff represented that the Contract was

between Plaintiff and the corporate Defendant, Kraftwerks, Inc. and attaches as

Complaint  Exhibit 1 the contact itself, which verifies same.

Furthermore, Plaintiff's Motion should be denied as it does not disclose or describe to the Court any disclosure during discovery that would support a fraud or "sham corporation" allegation, even if same had been plead with the required specificity. In fact, what has been discovered occurred at Mr. Watson's depositon, where the following information was obtained:

Q    And did you have a company that you

16   were employed by or owned prior to that?

17    A    Yes, I did.

18    Q    What was the name of that?

19    A    Kraftwerks, Incorporated.

20    Q    And is that company still in existence?

21    A    No, sir.

22    Q    How did it go out of existence?

0007

1    A    I was getting -- the primary avenue of

2   my work comes from Google.  That's my main

3   advertising forum.  And it's paper click, and I

4   was getting a tremendous amount of calls for

5   shingles, rubber roofing, things that I don't do.

6        As the economy got tighter, I tried to

7   cut corners and by adding the name -- changing the

4

8   name to be more job-specific and finite the

9   advertising campaign, that's what happened.  And

10   so -- but to do that, when I checked into it, what

11   happens is you had to change the federal I.D. and

12   everything, so...

13      Q    Well, did you make a -- have a new

14   corporation or just change the name?

15      A    It's a brand-new corporation.

16      Q    Why didn't you just change the name?

17      A    That's not the way you do it.  I was

18   instructed that --

19         MR. BROWN:  Objection.  Don't go into

20      anything that can be privileged.

21   BY MR. LOWE:

22      Q    And when was that corporation formed?

0008

1         MR. BROWN:  Objection.  Asked and

2      answered.

3         Go ahead.

4      A    Last November.

5         MR. LOWE:  I never asked that question.

6         MR. BROWN:  Okay.  I thought --

7          MR. LOWE:  Kraftwerks, Incorporated?

8          MR. BROWN:  Oh, I thought you were

9     talking about the new company.  I'm sorry.

10    A    Kraftwerks, Incorporated was

11  incorporated in 2002, first of 2002.

Deposition of Shawn Watson at pp.6-8

Additionally, with respect to the establishment of Kraftwerks, Inc., discovery has not

disclosed that the corporation was created for any illegitimate purpose or in way related

tot the dispute between these parties.  Thus, Mr. Watson continued to testify:

13    Q    And was that a stock corporation?

14    A    Yes.

15    Q    And who owned the stock in that?

16    A    I did.

17    Q    100 percent?

18    A    Yes.

19    Q    All right.  In that corporation, who

20  were the other -- who were the directors of that

21  corporation?

22    A    Initially, it was my mother, father,

0009

1  and myself -- my stepfather, and myself, and then

2  they sold out their part to me.

6

3    Q    All right.  Can you give me their

4   names?

5    A    Lynette Gutridge and Robin Gutridge.

6    Q    Can you spell --

7    A    G-U-T-R-I-D-G-E.

8    Q    And is Lynette L-Y-N-E-T-T-E?

9    A    Just one N, yes, sir.

10    Q    And who were the officers of that

11   corporation?

12    A    All three.

13    Q    And was that until you closed and

14   changed it?

15    A    No, sir.  It was prior to that.  It was

16   the first couple of years when I got started, they

17   helped.  I was 49 percent and they were, together,

18   accumulated 51 percent.  And then they sold their

19   portion to me in '04, '03, maybe the latter part

20   of '03.  I'd have to look at the paperwork.  I

21   don't recall exactly when.

Id. at 8-9

Thus, the utter absence of support for Plaintiff's accusations, and the disclosure of the matters disclosed during discovery, justify the denial of the Motion to Amend..

## III.    CONCLUSION

WHEREFORE, Defendants respectfully request this Court to deny Plaintiff's Motion to Amend Complaint  a

Respectfully submitted,


/s/ Edward J. Brown
Edward J. Brown
DC Bar #414365
3290 N. Ridge Rd. Suite 210
Ellicott City, MD 20143
410 465 5291
brown@budbrownlaw.com
*Attorney for Defendants*

## REQUEST FOR HEARING

Defendants hereby request a hearing on all issues raised herein.


/s/ Edward J. Brown
Edward J. Brown



## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMENDWAS electronically submitted this 16th day ofJune, 2008 to:

John C. Lowe, Esquire
John Lowe, P.C.
5920 Searl Terrace
Bethesda, Maryland 20816

/s/ Edward J. Brown
Edward J. Brown