**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TERRY L. HUME,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action No. 07-1742 (RWR)** |
| | ) |
| **SHAWN WATSON et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Terry Hume moves under Federal Rule of Civil Procedure 15(a) for leave to file an amended complaint to add three paragraphs that would purportedly allege the necessary facts to allow Hume to pierce the corporate veil of defendant Kraftwerks, Inc., and impose individual liability on defendant Shawn Watson. Because Hume's proposed amendment would be futile, her motion to amend the complaint will be denied.

<u>BACKGROUND</u>

Hume, a D.C. resident, alleges that defendants Watson and Kraftwerks, Inc., citizens of Maryland who do business in the District without a license, lied to her in order to fraudulently induce her to enter into a contract to buy a copper roof, and then installed it improperly in breach of the contract specifications. (Compl. ¶¶ 1-34.) Hume seeks to add the following three paragraphs to her complaint:

- 2 -

35.   At all times pertinent to this action the two
      Defendants were acting as one entity.

36.   At all times pertinent to this action, Defendant
      Watson was in fact acting, serving, and
      contracting as the contracting party with
      Plaintiff through the contract dated April 8, 2005
      and signed April 10, 2005, purporting to be a
      contract between Plaintiff and defendant
      Kraftwerks, Inc., though, in fact, Defendant
      Watson was the real party contracting with
      Plaintiff in that contract using the name
      Kraftwerks, Inc. as a pseudonym for himself.

37.   Every claim of damage asserted by Plaintiff in
      this action was the direct result of one or more
      contracts between Defendant Watson and Plaintiff,
      including but not limited to the written contract
      dated April 8, 2005, which were breached by
      Defendant Watson.

(Pl.'s Am. Compl. ¶¶ 35-38.)  Defendants oppose Hume's motion to

amend her complaint, arguing that her proposed amendment would be

futile.  (Defs.' Mem. in Opp. to Pl.'s Mot. to Am. Compl. at 1-

7.)

DISCUSSION

A plaintiff is allowed to amend her complaint after an

answer has been filed "only by leave of court or by written

consent of the adverse party; and leave shall be freely given

when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "If the

underlying facts or circumstances relied upon by a plaintiff may

be a proper subject of relief, [she] ought to be afforded an

opportunity to test [her] claim on the merits."  Foman v. Davis,

- 3 -

371 U.S. 178, 182 (1962).  Undue delay, undue prejudice to the
defendant, or futility are factors that may warrant denying leave
to amend.  Atchinson v. Dist. of Columbia, 73 F.3d 418, 425 (D.C.
Cir. 1996).

An amendment is futile "if the proposed claim would not
survive a motion to dismiss."  James Madison Ltd. v. Ludwig, 82
F.3d 1085, 1099 (D.C. Cir. 1996).  A claim will not survive a
motion to dismiss if it fails to plead "enough facts to state a
claim to relief that is plausible on its face."  Bell Atl. Corp.
v. Twombly, 127 S. Ct. 1955, 1965 (2007).  A complaint must
contain factual allegations that "'possess enough heft to sho[w]
that the pleader is entitled to relief.'"  Amore v. Accor. N.
Am., Inc., 529 F. Supp. 2d 85, 94-95 (D.D.C. 2008) (quoting
Twombly, 127 S. Ct. at 1966).  In addition, the court does not
have to accept asserted inferences or conclusory allegations that
are unsupported by the facts set forth in the complaint.  Kowal
v. MCI Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  The decision
to grant or deny leave to amend is committed to the sound
discretion of the district court.  Foman, 371 U.S. at 182; James
Madison, 82 F.3d at 1099.

Defendants argue that Hume's amendment would be futile
because Hume failed to plead sufficient facts to justify piercing
Kraftwerks' corporate shield.  "Piercing the corporate veil" is a
device that allows "shareholders and officers [to] be held

- 4 -

personally liable for their corporations' obligations . . . if
they have acted as 'alter egos' of their corporations." <u>See</u>
<u>Connors v. P&M Coal Co.</u>, 801 F.2d 1373, 1378 (D.C. Cir. 1986).
Courts traditionally pierce a corporation's veil when an
individual or corporation (1) abuses the corporate form; or (2)
exerts undue influence over a corporate entity to accomplish an
improper or unlawful purpose.  <u>Dole Food Co. v. Patrickson</u>, 538
U.S. 468, 475 (2003); <u>Quinn v. Butz</u>, 510 F.2d 743, 758-59 (D.C.
Cir. 1975).  However, unless a federal interest is implicated by
the substantive claims asserted, "the law of the state where a
corporation is incorporated, or where the alleged corporate
wrongdoing occurred, normally dictates whether the corporate veil
should be pierced[.]"  <u>United States ex rel. Siewick v. Jamieson</u>
<u>Sci. & Engr'g, Inc.</u>, 191 F. Supp. 2d 17, 20 (D.D.C. 2002) (citing
<u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64 (1938)).

Here, the parties do not assert any particular federal
interest in the claims asserted.[1]  In her amended complaint, Hume
claims that defendants breached a contract, engaged in common law
fraud, and violated two sections of the Code of the District of
Columbia.  (Compl. ¶ 1.)  The District of Columbia's choice of

---

[1] Hume's assertion of federal diversity jurisdiction does
not substitute for the presence of a substantive claim that
implicates a federal interest.  <u>See</u> <u>United States ex rel. Small</u>
<u>Bus. Admin. v. Pena</u>, 731 F.2d 8, 12 (D.C. Cir. 1984) (outlining
circumstances where federal law controls whether corporate veil
should be pierced and not including diversity jurisdiction).

- 5 -

law rules would apply to determine whether to use Maryland (where defendant Kraftwerks is incorporated) or District of Columbia veil piercing principles.  <u>Siewick</u>, 191 F. Supp. 2d at 20. "Under D.C. choice-of-law rules, where a conflict exists between the laws of two jurisdictions, a court must conduct an 'interest analysis' in which it determines which jurisdiction's underlying policy would be most advanced by having its law applied to the matter."  <u>Kuhn & Kogan, Chtd. v. Jeffrey C. Mensh & Assocs., Inc.</u>, 77 F. Supp. 2d 52, 54 (D.D.C. 1999) (citing <u>Gatewood v. U.S. Cellular Corp.</u>, 124 F.R.D. 504, 506 (D.D.C. 1989)).

Regardless of whether Maryland law or District of Columbia law is used, Hume's amendment would be futile because Hume's proposed allegations aimed at piercing Kraftwerk's corporate veil fail to add more than conclusory legal assertions and would not survive a motion to dismiss.  The elements necessary to pierce a corporation's veil in Maryland based on the theory that the corporation is a sham or that the corporation is the alter ego of a shareholder are: (1) that the defendant engaged in "complete domination, not only of the finances, but of policy and business practice in respect to the transaction so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own;" (2) that "such control [was] used by the defendant to commit fraud or wrong, to perpetrate the violation of the statutory or other positive legal duty, or

- 6 -

dishonest and unjust act in contravention of the plaintiffs legal rights;" and (3) that such "control and breach of duty proximately caused the injury or unjust loss." <u>Hildreth v. Tidewater Equip. Co.</u>, 838 A.2d 1204, 1210 (Md. 2003). The factors that a court may take into account to determine whether there was complete domination of the corporate entity are "(1) whether the corporation is inadequately capitalized, fails to observe corporate formalities, fails to issue stock or pay dividends, or operates without a profit, (2) whether there is commingling of corporate and personal assets, (3) whether there are non-functioning officers or directors, (4) whether the corporation is insolvent at the time of the transaction, and (5) the absence of corporate records." <u>Id</u>.

Hume does not allege in her amended complaint that Kraftwerks was inadequately capitalized, that Kraftwerks failed to observe corporate formalities, that Kraftwerks failed to issue stock or operated without a profit, that Watson commingled his assets with those of Kraftwerks, that there were non-functioning officers or directors, that the corporation was insolvent at the time of the incidents underlying the amended complaint, or that Kraftwerks failed to keep corporate records. (Pl.'s Am. Compl. ¶¶ 1-48.) While a complaint attacked by a Rule 12(b)(6) motion to dismiss may not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of [its]

- 7 -

'entitle[ment] to relief' requires more than labels and
conclusions[.]" <u>Twombly</u>, 127 S. Ct. at 1964-65.

    Similarly, in D.C., a court will pierce the corporate veil
where there is (1) "'unity of ownership interest, and (2) use of
the corporate form to perpetrate fraud or wrong.'" <u>Ivanov v.
Sunset Pools Mgmt. Inc.</u>, 524 F. Supp. 2d 13, 15 (D.D.C. 2007)
(quoting <u>Lawlor v. Dist. of Columbia</u>, 758 A.2d 964 (D.C. 2000)).
"To determine whether the corporation and shareholder have abused
the corporate form, courts weigh several factors, including:
whether they have commingled 'funds, staff, and property; whether
a single shareholder dominates the corporation, whether the
corporation is adequately capitalized; and, especially, whether
the corporate form has been used to effectuate a fraud.'"
<u>Ivanov</u>, 524 F. Supp. 2d at 15.

    Again, Hume fails to allege in her amended complaint that
Watson commingled staff, funds, or property with Kraftwerks, that
Kraftwerks was inadequately capitalized, or that the corporate
form was used to effectuate a fraud. <u>See</u> <u>Ivanov</u>, 524 F. Supp. 2d
at 15 ("plaintiffs have not alleged that [the individual
defendant] failed to adequately capitalize Sunset, [or] that he
and Sunset commingled funds"). Hume alleges that Watson and
Kraftwerks committed fraud, but not that Watson used the
corporate form itself to effectuate the fraud. Hume alleges that
she was induced to enter the contract at issue because

- 8 -

> Defendants knowingly and intentionally misrepresent[ed]
> that Defendant Shawn Watson and/or Defendant Kraftwerks,
> Inc., had bought out one of two owners of Wagner roofing
> Company" [and]
>
> . . .
>
> Defendants knowingly and intentionally misrepresented to
> Plaintiff that they were able to buy their copper cheaper
> than other roofers because of the large number of roofs
> that Wagner installed, reinforcing the lie that
> Defendants had bought out one of the Wagner brothers.

(Pl.'s Am. Compl. ¶¶ 44-46.)

Hume does not allege that she entered into the contract because of the presence of Kraftwerks, or that Watson somehow used the corporate form as a tool to perpetuate a fraud. Here, too, the proposed amendment does not meet Hume's obligation to provide the grounds for her entitlement to relief beyond labels and conclusions, and her amendment would not survive a motion to dismiss. See Amore, 529 F. Supp. 2d at 93-95 (denying as futile plaintiff's motion to amend its complaint to identify an alleged "alter ego" of a defendant corporation because "the plaintiff fail[ed] to articulate [the proposed defendant's] involvement in the underlying facts giving rise to this suit," which meant that "the complaint's factual allegations d[id] not 'possess enough heft to sho[w] that the pleader is entitled to relief'"); Ivanov, 524 F. Supp. 2d at 15 (granting motion to dismiss for failure to state a claim of personal liability against an individual defendant because plaintiffs did not allege inadequate capitalization, commingling of funds, or use of the company to

- 9 -

perpetuate a fraud; "[i]n fact, plaintiffs have failed to offer any specific allegations of [defendant's] misuse of the corporate form"); <u>Allen v. Russian Fed'n.</u>, 522 F. Supp. 2d 167, 184-85 (D.D.C. 2007) (granting motion to dismiss and refusing to pierce corporate veil where "[p]laintiffs do not allege that [defendant corporation] failed to follow corporate formalities, was intentionally undercapitalized, or commingled funds"); <u>see also Playwell Toy, Inc. v. Bureau Veritas Consumer Prod. Serv. Inc.</u>, No. 03-0704C, 2007 WL 2892031, at *4 (W.D.N.Y. Sep. 27, 2007) (granting motion to dismiss because the "allegations in the complaint as pleaded are conclusory and insufficient to pierce the corporate veil").  Thus, Hume's motion will be denied.

<u>CONCLUSION AND ORDER</u>

Because Hume's amendment would be futile regardless of whether Hume attempts to pierce Kraftwerks' veil under the substantive law of Maryland or the District of Columbia, it is hereby

ORDERED that Hume's motion [23] to amend the complaint be, and hereby is, DENIED.

SIGNED this 14th day of August, 2008.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge