IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERRY L. HUME<br><br>    Plaintiff<br><br>v.<br><br>SHAWN WATSON<br>c/o KRAFTWERKS, INC.<br><br>    and<br><br>KRAFTWERKS, INC.<br><br>    Defendants | :<br>:<br>:<br>:<br>:<br>: Case No. 1:07-cv-01742<br>: Assigned to: Richard W. Roberts<br>: Assign. Date: 9/28/2007<br>: Description: General Civil<br>:<br>:<br>:<br>:<br>:<br>: |

**<u>DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL DISCOVERY</u>**

COME NOW the Defendants, Shawn Watson and Kraftwerks, Inc., by and through their attorney Edward J. Brown, and filed this Memorandum in Opposition to Plaintiff's Motion to Compel Discovery and states:

**I.   INTRODUCTION**

This action involves Plaintiff's claims against Defendants arising out of Plaintiff's dissatisfaction with her copper roof installed by Defendant Kraftwerks, Inc. The subject dispute involves Plaintiff's efforts to obtain Defendants' financial information **prior to obtaining any judgment,** and discovery which appears to be related to the now moot issue of plaintiff's unfounded attempt to create a "piercing the corporate veil" argument

## II.    ARGUMENT

A.    **Plaintiff is not entitled to perform assets discovery before any judgment has been obtained, and there is a recognized alternative means of addressing assets discovery when punitive damages are alleged.**

The following asset-related Interrogatories and responses are at issue:

22.    List every bank, credit union, savings & loan association, or other financial institution where either Shawn Watson, the wife of Shawn Watson, or Defendant Kraftwerks, Inc., have had an account or an account being held for their benefit, even if not in their name.

**ANSWER: Defendant objects to this Interrogatory on the grounds that is not reasonably calculated to discover information relevant to any claim or defense in this action, but rather appears to be a Rule 69 (and by its terms, a Superior Court Rule 69-I) interrogatory in aid of execution of judgment, and thus must await the existence, if any, of a judgment in this action.**

23.    Provide a complete list of your asserts and liabilities. As an alternative, produce a financial statement submitted to a federally insured institution within the past year.

**ANSWER: Defendant objects to this Interrogatory on the grounds that is not reasonably calculated to discover information relevant to any claim or defense in this action, but rather appears to be a Rule 69 (and by its terms, a Superior Court Rule 69-I) interrogatory in aid of execution of judgment, and thus must await the existence, if any, of a judgment in this action.**

24.    Identify any real estate in which you have a beneficial interest of any kind, and describe exactly what interest you have in the property.

**ANSWER: Defendant objects to this Interrogatory on the grounds that is not reasonably calculated to discover information relevant to any claim or defense in this action, but rather appears to be a Rule 69 (and by its terms, a Superior Court Rule 69-I) interrogatory in aid of execution of judgment, and thus must await the existence, if any, of a judgment in this action.**

As set forth in the responses, the answers to these Interrogatories will not provide any information which could constitute evidence in this case. Plaintiff counters that the discovery could provide relevant information as to the punitive damages claims.

Initially, it must be noted that this case is a fairly straightforward construction dispute, wherein the homeowner terminated the project before it was completed, and which involves not unusual allegations by each side that the other did not act as expected pursuant to the contract. (*E.g.* plaintiff contends that the project did not move fast enough: Defendant counters that the homeowner made repetitive changes to the originally contemplated project). These types of disputes do not justify the invocation of punitive damages, notwithstanding attempts to characterize the conduct as fraudulent, malicious or otherwise intentionally harmful.

However, as the claims were pled, Defendants have offered to assemble the financial information, so that it will be ready for production to Plaintiff prior to any punitive damages phase of the trial. (Defendants expressly deny liability, including any liability for punitive damages.) In *Peskoff v. Faber*, 230 F.R.D. 25, 30 (2005) this Court addressed a very similar issue and held:

> Finally, the plaintiff's attempt to discover the defendant's personal financial information by arguing its relevance to punitive damages is unavailing. In John Does I-VI v. Yogi, 110 F.R.D. 629 (D.D.C. 1986), the court found that the defendant's personal financial information was relevant to the question of punitive damages but ordered that it "should not be revealed until necessary" to prove those damages. Yogi, 110 F.R.D. at 633. Such protection is particularly appropriate in this case, where there is no other basis for the release of the information and its absence does not prevent the plaintiff from making otherwise relevant discovery.

3

Accordingly, Defendants' legitimate privacy issue, which far outweighs the remote possibility of punitive damages being awarded in a contract-based setting, can best be addressed by an Order denying the Motion to Compel, with instructions to Defendants to assemble the requested assets information prior to any punitive damages phase of the trial, should that claim survive.

Plaintiff has also moved to compel the same information in her Request for Production of Documents, and the same argument applies with equal force to these requests.

**B. Plaintiff has failed to confer with defendants regarding the requests for Admissions, and thus this part of the Motion should be summarily denied.**

Local Rule 7(m) of United States District Court for the District of Columbia requires the parties to confer in good faith to determine if the dispute can be avoided. Although counsel did confer regarding the assets discovery, there has not been the mandatory conference regarding the third part of Plaintiff's Motion, and thus the relief sought therein should be summarily denied for failure to comply with the rules.

**C. The issue of piercing the corporate veil has already been decided, and the factual information which the Requests for Admission properly sought was provided.**

Even if Plaintiff had complied with the Local Rule, this Court's recent denial of Plaintiff's unfounded attempt to amend the complaint renders the disputed Responses to the Requests for Admissions moot. Furthermore. Plaintiff's Motion is fatally vague and non-specific as to how and why the use of these Requests for Admissions are appropriate

4

means of obtaining this discovery. Defendant has already attended two deposition sessions, which is the appropriate setting for this discovery. (Defendants incorporate herein by reference their Opposition to he Motion to Amend ,which included some of the deposition inquiry on this issue.)

Furthermore, the **factual** evidence has been provided in the Responses, for example:

1. Admit that since January 2005, you operated the Defendant corporation, Kraftwerks, Inc., as the sole owner of the corporation.

**Response: Defendant admits that he has been the sole owner of Kraftwerks, Inc since 2005, but objects to the term "operated" on the grounds of vagueness, ambiguity and/or as it may be being used to carry with it legal or other contentions not suitable for a Request for Admission of Fact.**

and

2. Admit that since January 2005 you operated the Defendant corporation, Kraftwerks, Inc., as the sole director of the corporation.

**Response: Defendant admits that he has been the sole director of Kraftwerks, Inc since 2005, but objects to the term "operated" on the grounds of vagueness, ambiguity and/or as it may be being used to carry with it legal or other contentions not suitable for a Request for Admission of Fact.**

Thus, the factual information sought has been provided (i.e. who is the sole owner and the sole director). This is the appropriate use of a Request for Admissions—the attempt to include an amorphous and legally complicated issue such as "operation" of a corporation is not appropriate.

There is a broad body of Federal Case law addressing the proper use of Requests for Admissions, to wit: the streamlining of proof for simple factual issues which are not

substantively in dispute nor a hybrid of fact and law.. The Courts recognize that such Requests are not tools for uncovering evidence, and have sustained objections to requests that were simply attempts to discover facts. *See Workman v. Chinchinian*, 807 F.Supp. 634, 648 (E.D. Wash. 1992) (sustaining an objection by explaining that "Rule 36 is not to be used as a discovery device, and if the plaintiffs wish to discover what the facts are they should resort to discovery rules other than Rule 36); *see also Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (noting that Requests for Admission are "not principally discovery devices," and are "not to be treated as substitutes for discovery processes to uncover evidence"), *Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (stating that Rule 36 is "not properly speaking a discovery device, rather it is 'a procedure for obtaining admissions for the record of facts already known' by the seeker, to help narrow or eliminate issues in a case), *In re Carousel Candy Co., Inc.*, 38 B.R. 927, 936 (Bankr. E.D.N.Y. 1984) (allowing Requests for admission to be served after the discovery deadline as because they are not designed to be a discovery tool, but rather to narrow and eliminate issues).

Additionally, the Courts have rejected Requests which try to incorporate complex legal issues., noting that the they must be simple, direct, and limited to single facts; otherwise, a responding party may properly indicate it is impossible to admit or deny the request. *See T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 46 (S.D.N.Y. 1997); *see also Herrera v. Scully*, 143 F.R.D. 545, 549 (S.D.N.Y. 1992) (noting the threshold requirements of Rule 36 include that each request

is direct, simple, and limited to singular relevant facts, so it can be admitted or denied without explanation -- requests should not state "half-truths" that require qualified responses).

Plaintiff's election to use conclusory or argumentative language violates the "simple and direct" requirement, so objections should be sustained. *See Sec. & Exch. Comm'n v. Micro-Moisture Con.*, 21 F.R.D. 164, 166-67 (S.D.N.Y. 1957) (sustaining objections to Requests which used such conclusory phrases as "*principal* traders," "*direct* business relationship," and "*substantial* purchases" (emphases in original)). Similarly, the ambiguity of the terms chosen by Plaintiff also render them improper.

*See Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 375-76 (S.D.N.Y. 1989) (finding objections valid where the requests contained vague and ambiguous wording which did not allow for a fair admission or denial); *see also Harris v. Oil Reclaiming Co., Ltd.*, 190 F.R.D. 674, 678 (D. Kan. 1999) (explaining the adequacy of a denial by noting that the court would "not require the answering party to determine all of the possible interpretations of an ambiguous request and respond to each of them").

The Maryland Court of Special Appeals, in *Gonzalez v. Boas*, 162 Md.App. 344, 874 A.2d 491 (2005), recently noted the appropriate use of Requests for Admissions:

> Furthermore, we note that although deemed admissions may properly embrace material or "ultimate" issues of fact in a case, *Murnan v. Joseph J. Hock, Inc.*, 274 Md. 528, 529-31, 335 A.2d 104 (1975), the purpose of a request for admissions is to "eliminate from trial those matters over which the parties truly have no dispute.... The authenticity of documents, the

corporate status of parties, and the undisputed foundation for evidence are but examples." *St. James Const. Co. v. Morlock*, 89 Md.App. 217, 230, 597 A.2d 1042 (1991) (quoting Neimeyer and Richards, Maryland Rules Commentary 234-35 (1984)).(FN13 omitted) In so doing, the rule allows parties to save time and expense on trying issues which are not genuinely disputed and to focus on those that are disputed. *See Mullan Contracting Co. v. IBM Corp.*, 220 Md. 248, 260, 151 A.2d 906 (1959) ("The primary function of a request for admissions is to avoid the necessity of preparation, and proof at the trial, of matters which either cannot be or are not disputed.").

Id. at 359-360, 874 A.2d at 500.

### III. CONCLUSION

WHEREFORE, Defendants respectfully request this Court to deny Plaintiff's Motion to Compel Discovery.

Respectfully submitted,

/s/ Edward J. Brown
Edward J. Brown
DC Bar #414365
3290 N. Ridge Rd. Suite 210
Ellicott City, MD 20143
410 465 5291
brown@budbrownlaw.com
*Attorney for Defendants*

### REQUEST FOR HEARING

Defendants hereby request a hearing on all issues raised herein.

/s/ Edward J. Brown
Edward J. Brown

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY was electronically submitted this 18th day of August, 2008 to:

John C. Lowe, Esquire
John Lowe, P.C.
5920 Searl Terrace
Bethesda, Maryland 20816

/s/ Edward J. Brown
Edward J. Brown

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERRY L. HUME | : |
| Plaintiff | : |
| v. | : Case No. 1:07-cv-01742 |
| | : Assigned to: Richard W. Roberts |
| SHAWN WATSON | : Assign. Date: 9/28/2007 |
| c/o KRAFTWERKS, INC. | : Description: General Civil |
| and | : |
| KRAFTWERKS, INC. | : |
| Defendants | : |

## ORDER

Upon consideration of Plaintiff's Motion to Compel Discovery and Defendants, Shawn Watson and Kraftwerks, Inc.'s Memorandum in Opposition to Plaintiff's Motion to Compel Discovery, it is this ____ day of _____, 2008

ORDERED, that Plaintiff's Motion to Compel Discovery is hereby DENIED; however, should Plaintiff's punitive damages claim survive, Defendants shall, at a time reasonably in advance of the punitive damages phase of the trial, assemble their financial records for the last three years, in anticipation of production of same to Plaintiff.

_____
Judge, United States District Court
For the District of Columbia

Cc:

Edward J. Brown
3290 N. Ridge Rd., Suite 210
Ellicott City, MD 20143

John C. Lowe, Esquire.
5920 Searl Terrace
Bethesda, Maryland 20816