IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| Terry L. Hume | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case 07-1742 (RWR) |
| Shawn Watson | ) |  |
| and | ) |  |
| Kraftwerks, Inc. | ) |  |
| Defendants. | ) |  |

### PLAINTIFF'S AMENDED MOTION TO COMPEL DISCOVERY

Plaintiff moves the Court for entry of an Order pursuant to Fed. R. Civ. P. 26, 33, 34, 36, and 37 compelling Defendants to provide discovery which Defendants have refused to produce thus far, as follows:

    1.    Interrogatories 22, 23, and 24 (copies appended with Defendant Watson's answers giving reasons for refusal).

        a.    Plaintiff has sought punitive damages in Counts II, III, and IV of her complaint. A factor for the jury to weigh in deciding the quantum of punitive damages necessary to be punitive and to deter the Defendants from similar conduct in the future is the financial state of Defendants, their assets, and their income. That is reason enough for the inquiries and requests for assets, such as purchases of land, bank accounts, and financial statements.

        b.    Plaintiff also seeks to challenge Defendants on the basis of misuse of Defendant Krafterks, Inc. by Defendant Shawn Watson and needs the discovery sought to be compelled in order to be able to make good faith factual allegations of a nature and quality that

will sustain an amendment of the Complaint to seek piercing of the corporate veil. The Court rejected Plaintiff's Motion to Amend her Complaint to add allegations for piercing the corporate veil primarily because of the absence of such good faith factual allegations as would support such an amendment. Accordingly, Plaintiff needs the Court to compel the requested discovery in order to enable Plaintiff to add the necessary factual allegations identified in the Court's opinion rejecting Plaintiff's initial Motion to Amend her Complaint, as part of a renewed Motion to Amend her Complaint.

    2.    Requests to Produce 14, 16, and 17 (copies appended with Defendant Watson's answers giving reasons for refusal).

        a.    Plaintiff has sought punitive damages in Counts II, III, and IV of her complaint. A factor for the jury to weigh in deciding the quantum of punitive damages necessary to be punitive and to deter the Defendants from similar conduct in the future is the financial state of Defendants, their assets, and their income. That is reason enough for the inquiries and requests for assets, such as purchases of land, bank accounts, and financial statements.

        b.    Plaintiff also seeks to challenge Defendants on the basis of misuse of Defendant Krafterks, Inc. by Defendant Shawn Watson and needs the discovery sought to be compelled in order to be able to make good faith factual allegations of a nature and quality that will sustain an amendment of the Complaint to seek piercing of the corporate veil. The Court rejected Plaintiff's Motion to Amend her Complaint to add allegations for piercing the corporate veil primarily because of the absence of such good faith factual allegations as would support such an amendment. Accordingly, Plaintiff needs the Court to compel the requested discovery in order to enable Plaintiff to add the necessary factual allegations identified in the Court's

2

opinion rejecting Plaintiff's initial Motion to Amend her Complaint, as part of a renewed Motion to Amend her Complaint.

3.   Requests for Admissions 1 and 3 through 7 (copies appended with Defendant Watsons' answers giving reasons for refusal). The admissions requested are quite pertinent to several issues including but not limited to the issue of piercing the corporate veil and showing looting of Kraftwerks, Inc,, if that occurred. The words used in the Requests for Admissions are clear and unambiguous, but the Court denied Plaintiff's Motion to Amend her Complaint to add a claim for piecing the corporate veil primarily due to the absence of factual allegations to support the amendment. The requested admissions will assist Plaintiff in providing the necessary factual allegations to enable her to obtain amendment of her Complaint by adding the factual allegations identified by the Court as missing in her initial Motion to Amend her Complaint. Defendants wish to avoid making the admissions by pretending that they don't know what the words mean. Defendants should be required to answer these straight forward requests.

I certify that counsel met by telephone and conferred earnestly on August 4, 2008, in an attempt to reconcile these differences by agreement but were unable to reach agreement. This Amended Motion merely adds additional reasons why Plaintiff needs the compelled discovery but does not add any new factual allegations or exhibits about which to confer again.

Accordingly, Plaintiff moves the Court for an order to compel the discovery in question.

Respectfully submitted,

/s/ John C. Lowe
John C. Lowe
D.C. Bar No. 427019
John Lowe, P.C.
5920 Searl Terrace

3

Bethesda MD 20816
301-320-5595
301-320-8878 Fax
johnlowe@johnlowepc.com
Counsel for Plaintiff

## SERVICE CERTIFICATE

I hereby certify that on August 21, 2008, I served a copy of the foregoing Amended Motion to Compel Discovery on Edward J. Brown, Esq., Counsel for Defendants, by e-mail pursuant to agreement of counsel.

John C. Lowe

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TERRY L. HUME                           :
                                        :
        Plaintiff                       :
                                        :
                                        :
v.                                      : Case No. 1:07-cv-01742
                                        :
SHAWN WATSON                            :
c/o KRAFTWERKS, INC.                    :
                                        :
        and                             :
                                        :
KRAFTWERKS, INC.                        :

:
        Defendants                      :

### DEFENDANT SHAWN WATSON'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

[Note: These have been redacted to leave only those subject to Plaintiff's Motion to Compel.]

COMES NOW the Defendant Shawn Watson by and through his attorney Edward J. Brown, and answers the Interrogatories of Plaintiff, and states:

   a.   The information supplied in these Answers is not based solely upon the knowledge of the executing party, but includes the knowledge of the party's agents, representatives, and attorneys, unless privileged.

   b.   The word usage and the sentence structure is that of the attorneys who, in fact, prepared these Answers and said language does not purport to be the exact language of the executing party.

   c.   The Defendant reserves the right to amend or supplement these Answers

1

## ANSWERS TO INTERROGATORIES

22. List every bank, credit union, savings & loan association, or other financial institution where either Shawn Watson, the wife of Shawn Watson, or Defendant Kraftwerks, Inc., have had an account or an account being held for their benefit, even if not in their name.

**ANSWER: Defendant objects to this Interrogatory on the grounds that is not reasonably calculated to discover information relevant to any claim or defense in this action, but rather appears to be a Rule 69 (and by its terms, a Superior Court Rule 69-I) interrogatory in aid of execution of judgment, and thus must await the existence, if any, of a judgment in this action.**

23. Provide a complete list of your asserts and liabilities. As an alternative, produce a financial statement submitted to a federally insured institution within the past year.

**ANSWER: Defendant objects to this Interrogatory on the grounds that is not reasonably calculated to discover information relevant to any claim or defense in this action, but rather appears to be a Rule 69 (and by its terms, a Superior Court Rule 69-I) interrogatory in aid of execution of judgment, and thus must await the existence, if any, of a judgment in this action.**

24. Identify any real estate in which you have a beneficial interest of any kind, and describe exactly what interest you have in the property.

**ANSWER: Defendant objects to this Interrogatory on the grounds that is not reasonably calculated to discover information relevant to any claim or defense in**

this action, but rather appears to be a Rule 69 (and by its terms, a Superior Court Rule 69-I) interrogatory in aid of execution of judgment, and thus must await the existence, if any, of a judgment in this action.

Respectfully submitted,

_____/s/_____
Edward J. Brown
3290 N. Ridge Road
Suite 210
Ellicott City, MD 21043
Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERRY L. HUME | : |
| Plaintiff | : |
| v. | : Case No. 1:07-cv-01742 |
| SHAWN WATSON<br>c/o KRAFTWERKS, INC. | : |
| and | : |
| KRAFTWERKS, INC. | : |
| Defendants | : |

**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT SHAWN WATSON**
DEFENDANT'S RESPONSES TO REQUESTS FOR PRODUCTION

[Note: These have been redacted to leave only those subject to Plaintiff's Motion to Compel.]

14. Any expert identification filed in any court by any law offices representing you at any time in this case (including McCarthy Wilson) identifying any expert in this case as an expert in another case.

RESPONSE: **Defendant objects on the grounds that this Request is over broad and unduly burdensome.**

16. Any personal financial statement filed in the past five years by either Defendant, either alone or jointly with someone (e.g., Defendant Watson's wife).

RESPONSE: **Defendant objects to this Request on the grounds that is not reasonably calculated to discover information relevant to any claim or defense in this action, but rather appears to be a Rule 69 (and by its terms, a Superior Court**

Rule 69-I) request in aid of execution of judgment, and thus must await the existence, if any, of a judgment in this action.

17.  All bank statements and cancelled checks for any bank account since August 1, 2005 to the present for either Defendant solely or jointly with someone (e.g., joint account with wife).

RESPONSE:  Defendant objects to this Request on the grounds that is not reasonably calculated to discover information relevant to any claim or defense in this action, but rather appears to be a Rule 69 (and by its terms, a Superior Court Rule 69-I) request in aid of execution of judgment, and thus must await the existence, if any, of a judgment in this action.

Respectfully submitted,

_____/s/_____
Edward J. Brown
3290 N. Ridge Road
Suite 210
Ellicott City, MD 21043
Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERRY L. HUME | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : Case No. 1:07-cv-01742 |
| | : |
| SHAWN WATSON | : |
| c/o KRAFTWERKS, INC. | : |
| | : |
| and | : |
| | : |
| KRAFTWERKS, INC. | : |
| | : |
| Defendants | : |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

[Note: These have been redacted to leave only those subject to Plaintiff's Motion to Compel.]

COMES NOW the Defendant Shawn Watson by and through his counsel, by and through Federal Rule 36 and responds to Plaintiff's Requests for Admission and states:

1. Admit that you had no license from the District of Columbia to perform roofing installation or repairs in the District of Columbia

**Response: Defendant objects to this Request on the grounds that the Request, by implication, alleges that Mr. Watson was required to have a license to perform roofing installation or repairs of any nature or kind at any time under any circumstances and/or that such an unqualified, unlimited license exists. Without waiving this objection, Defendant refers Plaintiff to his Answer and/or deposition testimony, wherein a similar but qualified request was admitted.**

3. Admit that since January 2005, you operated the Defendant corporation, Kraftwerks, Inc., as the sole owner of the corporation.

–1–

**Response: Defendant admits that he has been the sole owner of Kraftwerks, Inc since 2005, but objects to the term "operated" on the grounds of vagueness, ambiguity and/or as it may be being used to carry with it legal or other contentions not suitable for a Request for Admission of Fact.**

4. Admit that since January 2005 you operated the Defendant corporation, Kraftwerks, Inc., as the sole director of the corporation.

**Response: Defendant admits that he has been the sole director of Kraftwerks, Inc since 2005, but objects to the term "operated" on the grounds of vagueness, ambiguity and/or as it may be being used to carry with it legal or other contentions not suitable for a Request for Admission of <u>Fact.</u>**

5. Admit that since January 2005 you operated the Defendant corporation, Kraftwerks, Inc., as the sole officer of the corporation.

**Response: Defendant admits that he has been the sole officer of Kraftwerks, Inc since 2005, but objects to the term "operated" on the grounds of vagueness, ambiguity and/or as it may be being used to carry with it legal or other contentions not suitable for a Request for Admission of <u>Fact.</u>**

6. Admit that since January 2005, you have been the sole person who had total control over all decisions on what work would be undertaken by Kraftwerks, Inc.

**Response: Defendant objects to the term "total control over all decisions on what work would be undertaken by Kraftwerks, Inc." on the grounds of vagueness, ambiguity and/or as it may be being used to carry with it legal or other contentions not suitable for a Request for Admission of <u>Fact.</u> Without waiving this Objection, a Defendant states the scope of work was contracted for with the customer, and the**

work was performed by the company through its employees as supervised by Mr. Watson and/or the foreman on the site.

7. Admit that since January 2005, you were the sole person who had total control over decisions as to what expenditures to make for personnel or equipment for Kraftwerks, Inc.

Response: Defendant objects to the term "total control over decisions as to what expenditures to make for personnel or equipment for Kraftwerks, Inc." on the grounds of vagueness, ambiguity and/or as it may be being used to carry with it legal or other contentions not suitable for a Request for Admission of Fact. Without waiving this Objection, a Defendant states the scope of work was contracted for with the customer

Respectfully submitted,

_____/s/_____
Edward J. Brown
3290 N. Ridge Road
Suite 210
Ellicott City, MD 21043
Counsel for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Terry L. Hume ) <br> 215 Morgan Street, NW ) <br> Washington, DC 20001 ) <br>   ) <br>   Plaintiff, ) <br>   ) <br> v.   ) <br>   ) <br> Shawn Watson ) <br> c/o Kraftwerks, Inc. ) <br> 5000 Buchanan Street ) <br> Hyattsville, MD 20781 ) <br>   ) <br> and ) <br>   ) <br> Kraftwerks, Inc. ) <br> 5000 Buchanan Street ) <br> Hyattsville, MD 20781 ) <br> Serve:  Shawn Watson, President, ) <br>   ) <br>   Defendants. ) | Case No. 1:07-cv-01742 |

**ORDER**

Upon the Amended Motion by Plaintiff to Compel certain discovery requests which Defendants failed to answer, the Court finding that the requests should have been answered.

It is ORDERED that the Plaintiff's Amended Motion to Compel Discovery is granted and the Defendants are Ordered to respond to Interrogatories 22, 23, and 24, Requests to Produce 14, 16, and 17, and Requests for Admissions 1 and 3 through 7.

SO ORDERED.

_____, 2008            _____
                                                                                  United States District Judge