UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                             )
TERRY L. HUME,               )
                             )
        Plaintiff,           )
                             )
        v.                   )   Civil Action No. 07-1742 (RWR)
                             )
SHAWN WATSON et al.,         )
                             )
        Defendants.          )
_____)
```

### MEMORANDUM OPINION AND ORDER

Plaintiff Terry Hume sued defendants Shawn Watson and Kraftwerks, Inc. in part for taking advance payment from her on home improvement work they were unlicensed to perform, in violation of the District of Columbia Consumer Protection Procedures Act ("DCCPPA") (D.C. Code § 28-3904(dd)), and the District of Columbia Municipal Regulations.  Hume moves for partial summary judgment on Count II of the complaint against Watson in light of his guilty plea stemming from his conduct with Hume.  Because there is no issue of fact remaining regarding the defendant's liability on Count II of the amended complaint and the plaintiff is entitled to judgment as a matter of law as to liability, Hume's motion will be granted.

### BACKGROUND

Hume alleges that defendants Watson and Kraftwerks, Inc. fraudulently induced her to enter into a contract to buy a copper roof, and then installed it improperly in breach of the contract

- 2 -

specifications.  (Am. Compl. ¶¶ 1-34.)  Count II of the amended complaint alleges that the defendants committed an unfair trade practice in violation of the DCCPPA "[b]ecause Defendants were not licensed by the District of Columbia to perform home improvement work," as Title 16, § 800.1 of the District of Columbia Municipal Regulations required them to be.[1]  (Am. Compl. ¶ 37.)  Watson pled guilty in the Superior Court for the District of Columbia to one count of accepting payment for a home improvement contract in advance of completion while not being licensed as a home improvement contractor, one count of engaging in a home improvement business without a valid license, and one count of engaging in home improvement work without a basic business license, all in connection with the contract with Hume.  (Pl.'s Mem. in Supp. of Mot. for Partial Summ. J., Ex. A ("Plea Tr.") at 7, 22.)  Watson admitted that on behalf of defendant

---

[1] D.C. Municipal Regulation, Title 16, § 800.1 provides:

> No person shall require or accept any payment for a home improvement contract in advance of the full completion of all work required to be performed under the contract unless that person is licensed as a home improvement contractor or as a licensed salesperson employed by a licensed contractor in accordance with the provisions of this chapter.

D.C. MUN. REG. tit. XVI, § 800.1.  "[V]iolation of this regulation . . . requires disgorgement of any payments received." Luna v. A.E. Eng'g Servs., LLC, 938 A.2d 744, 750 n.20 (D.C. 2007) (citing Cevern, Inc. v. Ferbish, 666 A.2d 17, 20 (D.C. 1995).

- 3 -

Kraftwerks, Inc., he contracted with Hume to install a copper roof on her house and he accepted payment for that work before the work was completed, even though Kraftwerks was not licensed to do business in the District of Columbia and Watson was not licensed to do home improvement work in the District of Columbia. (Plea Tr. 21-22.)  Watson was sentenced to 270 days in jail and ordered to pay restitution to Hume in the amount of $16,922.50. The jail sentence was suspended pending payment of restitution. (Plea Tr. 44-47.)

The defendants argue that partial summary judgment is inappropriate because a guilty plea is not conclusive evidence of a civil claim, and because Watson should not be held liable in his individual capacity for a violation of municipal regulation § 16-800.1.[2]  (Defs.' Mem. in Opp'n to Pl.'s Mot. for Partial Summ. J. ("Defs.' Opp'n") at 3, 5.)

DISCUSSION

Summary judgment may be appropriately granted when the moving party demonstrates that there is no genuine issue as to any material fact and that moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "In considering a

---

[2] Defendants argue unpersuasively that under D.C. Code § 28-3905(k)(1), an action seeking damages under D.C. Code § 28-3904 may be brought only in the Superior Court of the District of Columbia.  (Defs.' Opp'n at 6.)  However, the language of § 28-3905(k)(1) states merely that an action for a violation of § 28-3904 may be brought in Superior Court, not that such an action must be brought in Superior Court.

- 4 -

motion for summary judgment, [a court is to draw] all 'justifiable inferences' from the evidence . . . in favor of the nonmovant." Cruz-Packer v. Dist. of Columbia, 539 F. Supp. 2d 181, 189 (D.D.C. 2008) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  However, a non-moving party cannot defeat summary judgment by "simply show[ing] that there is some metaphysical doubt as to the material facts." Moore v. Hartman, 571 F.3d 62, 66 (D.C. Cir. 2009) (quoting Matsushita, 475 U.S. at 586).  "Briefs containing mere allegations or merely denying the movant's pleading are not enough to prevent summary judgment; instead, a non-movant must go beyond the pleadings to proffer specific facts rebutting the movant's assertions." Graham v. Holder, Civil Action No. 03-1951 (RWR), 2009 WL 3088816, at *3 (D.D.C. September 29, 2009) (citing Greer v. Paulson, 505 F.3d 1306, 1315 (D.C. Cir. 2007), and Burke v. Gould, 286 F.3d 513, 517-18 (D.C. Cir. 2002)).  "The relevant inquiry 'is the threshold inquiry of determining whether there is a need for a trial - - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" Single Stick, Inc. v. Johanns, 601 F. Supp. 2d 307, 312 (D.D.C. 2009) (quoting Anderson, 477 U.S. at 250).  A genuine issue is present in a case where the "evidence is such

- 5 -

that a reasonable jury could return a verdict for the non-moving party," in contrast to a case where the evidence is "so one-sided that one party must prevail as a matter of law." <u>Anderson</u>, 477 U.S. at 248, 252.

To successfully establish a claim for a violation of D.C. Code § 28-3904(dd) predicated on a violation of Municipal Regulation § 16-800.1, Hume must show: "(1) that a home improvement contract for a residential property existed . . . ; (2) the contract was for at least $300.00; (3) [under] the contract, defendant[s] required or accepted payment in advance of the full completion of all work required" to be performed under the contract; and (4) defendants were not licensed in the District of Columbia as home improvement contractors. <u>Djourabchi v. Self</u>, 571 F. Supp. 2d 41, 45 (D.D.C. 2008) (citing <u>Carlson Constr. Co, Inc. v. Dupont W. Condo., Inc.</u>, 932 A.2d 1132, 1134-1135 (D.C. 2007) and <u>Nixon v. Hansford</u>, 584 A.2d 597, 598-99 (D.C. 1991)); <u>see also</u> <u>Cevern, Inc. v. Ferbish</u>, 666 A.2d 17, 19 n.1 (D.C. 1995).

Defendants argue that Watson's guilty plea, while an admission, is not conclusive evidence that he violated Municipal Regulation § 16-800.1, and that there is a genuine issue of fact as to whether a contract existed between Hume and Watson personally, as opposed to between Hume and Kraftwerks. "Courts have often held that issues determined in connection with a

criminal conviction may be preclusively established in later civil trials." Miller v. Holzmann, 563 F. Supp. 2d 54, 77 (D.D.C. 2008) (quoting Otherson v. Dep't of Justice, 711 F.2d 267, 271 (D.C. Cir. 1983)).  While issue preclusion is generally unavailable when the parties in the initial action are different than the parties in the current action, "district courts in this Circuit have routinely treated criminal convictions -- including those based on guilty pleas -- [a]s conclusive proof of the facts supporting the conviction, and have thus given them preclusive effect in subsequent civil actions." Miller, 563 F. Supp. 2d at 77 (internal quotations omitted); see also Hinton v. Shaw Pittman Potts & Trowbridge, 257 F. Supp. 2d 96, 100 (D.D.C. 2003) ("A criminal conviction is conclusive proof and operates as an estoppel on the defendants as to the facts supporting the conviction in a subsequent civil action.")  Defendants cite Crane v. Dunn, 854 A.2d 1180, 1186 (Md. 2004), for the proposition that "a plea of guilty . . . may be introduced in a subsequent civil proceeding, [but] the guilty plea may be rebutted or explained in the subsequent proceeding." Id.  However, even if Watson's conviction were treated as less than conclusive evidence of liability, the defendants have come forth with absolutely nothing to rebut Hume's assertions establishing all four elements of a violation of D.C. Code § 28-3904(dd) predicated on a violation of Municipal Regulation § 16-800.1.  Watson's conviction by guilty

plea established that the contract for Hume's roof repair was valued at more than $300, that Hume paid in advance of full completion of all work, and that Watson and Kraftwerks were not licensed in the District of Columbia as home improvement contractors.  (See Am. Compl. ¶¶ 8, 15, 32-33; Plea Tr. 21-22.)

While Watson argues that there remains a genuine issue of fact as to whether he was individually liable on the contract for the repair of Hume's roof, a plain reading of the regulation at issue does not require Watson to be a contracting party for liability to be imposed on him.  Municipal Regulation § 16-800.1 provides in part that "[n]o person shall require or accept any payment for a home improvement contract[.]"  As the defendants even note in their opposition, Watson admitted in his plea hearing that he accepted payment for the contract to install Hume's roof.  (Defs.' Opp'n at 2; Plea Tr. 22.)  The defendants provide no support for their assertion that, despite the fact that Watson accepted payment for the home improvement contract, he cannot be liable for violating the municipal regulation if the contract was made between Hume and Kraftwerks.  The defendants have provided nothing but speculation to rebut the evidence Hume provided supporting liability on Count II of the amended complaint.  Therefore, Hume's motion for partial summary judgment will be granted on the issue of liability.

- 8 -

## CONCLUSION AND ORDER

Because Hume has shown that there is no genuine issue of fact necessitating a trial regarding liability on Count II, it is hereby

ORDERED that Hume's motion [41] for summary judgment on Count II of the amended complaint be, and hereby is, GRANTED, and judgment is entered against Watson on the issue of liability on Count II of the amended complaint. It is further

ORDERED that the parties be, and hereby are, DIRECTED to file a joint status report and proposed order by February 4, 2010, proposing a schedule upon which this case should proceed.

SIGNED this 14th day of January, 2010.

                                  /s/
                              RICHARD W. ROBERTS
                              United States District Judge